OPINION OFTHE COURT — by the
Hon. HARRY CAGE.
This was an action of trespass. The declaration, alleges that the defendant, with force and'arms, broke, and entered the close of tlie plaintiff and. with his horses, hogs, &c., broke down, destroyed and carried off two hundr.edbushels of Indian com.
To this declaration, the defendant has pleaded not guilty, and a special plea. The matters of defence set up in the special plea, are:
That the trespass complained of was done with the cattle, horses, hogs, &c. of defendant; in which it is alleged that the premises in question were not inclosed by a good and sufficient fence, &c„
Upon the plea of not guilty, issue was taken. To the second plea, there was a replication; to which the defendant demurred. Upon this demurrer, the defendant’s second' plea was adjudged bad, and the cause went to the jury upon the plea of not guilty; whereupon the counsel for the defendant requested the court to instruct the jury upon several points set out in the bill of exceptions.
Caldwell for plaintiff..
Howard for defendant..
• The first point, raised for the consideration of the court is upon the demurrer. It is not, nor will it, I presume, he denied that the demurrer to the replication authorized the court below to look into the previous pleadings, on the part of the defendant. This point conceded, the defendant’s second plea was brought fairly before the court by the demurrer, when its suificiency, or its its insufficiency became the subject of legitimate inquiry, for the court.
The declaration charges the trespass to have been committed by the defendant-, and although the declaration may not be in strict technical form; yet no exceptions were taken to it. The court must, therefore, com sider the declaration as charging the trespass to have been committed by the defendant, and not as a declaration where the gist of the action is trespass committed by the cattle of the defendant.
From the slightest examination of this second plea, it will be seen that it is no answer to this declaration; or, at least, to the gist of this action.— If it is an answer to any part of the declaration, it is to that part only which is laid in the declaration by way of aggravation, to wit: the damages done by cattle, &c. Upon this point, then, we are of opinion that the court below did not err in adjudging the defendant’s second plea bad.
The second point, which Is raised by the bill of exceptions, is, that the court erred in not instructing the jury, as requested by defendant’s counsel.
It is not shown, by the bill of exceptions, that there was any evidence in the cause, out of which the legal opinions sought to be obtained from the court did arise, as the bill of exceptions does not embody a particle of evidence, if there was any given in the court below.
Under the mode of decision which is recognized by this court, as the true rule, it is not error in the court to refuse to charge; unless it is shown by the bill of exceptions, that the point did arise in the cause.
As regards the instructions that were given to the jury, as shown by the bill of exceptions, we can see no error; nor, indeed, can there be, as the instructions given embrace no legal point.
Let the judgment below be affirmed..