## DECEMBER TERM, 1842.

### HENRY TOOLEY, JR. *v.* JAMES K. KANE, *et al.*

The jurisdiction of the circuit courts, in the foreclosure of mortgages, is concurrent and coextensive with that of the superior court of chancery.

T. obtained a decree in the circuit court of Adams county, foreclosing a mortgage against G., upon a lot of ground ; the lot was sold by a commissioner, to K., who gave bond ; which was forfeited, and execution issued against K., and the mortgaged lot sold to M., who bought for K., but the money for which the lot sold, was appropriated to an older execution against K. ; M. sold the lot to L., but the sale was fraudulent, K. still retaining possession ; in this state of fact, T. exhibited his bill in this Court, to have the various sales of the lot set aside, and his decree of foreclosure enforced ; *held*, that the circuit court was adequate to give relief, and this Court could render no aid to the complainant.

If it should become necessary to file an original bill, to enforce a decree for the foreclosure of a mortgage, rendered by the circuit court, that court would have jurisdiction to entertain such a bill, as an incident to its power to decree the foreclosure.

A sale of mortgaged premises, by a commissioner, is a sale by the court, and is not complete, or title passed thereby, until a report thereof is made to the court, and that report confirmed.

In case of any error in the proceedings in a commissioner's sale, the court will, even after confirmation of the report, set aside the confirmation, and rectify the evil : and if necessary, upon petition, order a resale.

THE facts of this case will be found substantially detailed in the Chancellor's opinion.

The bill was demurred to, and the case was submitted upon the demurrer.

*Montgomery* and *Boyd*, for the demurrer, contended :

1. That Izod, Little, and Mackin were improperly joined as defendants, they having no interest in the matters set up in the bill.

2. That the matters in controversy grew out of a proceeding on the chancery side of the circuit court of Adams county, and properly constitute a part of that suit, and that if the complainant was entitled to any relief whatever, it could be obtained in the court in which the principal matter was still pending.

3. That it appeared in the bill, that the injury, from which the complainant sought relief, arose from the irregular execution of a decree by a commissioner, which the circuit court of Adams

county, that rendered the decree, was fully competent, and was the only proper tribunal, to correct.

4. That the circumstances charged as fraudulent, on the part of the defendants, did not amount to fraud. That, although the court below refused to apply the money made under the sale by the sheriff to the master, the sale was valid as to the plaintiff in the execution, even though the execution was informal, and liable to be set aside ; and that it was no fraud in the sheriff, or purchaser, or any other person, to withhold the purchase-money from the complainant, after the court had refused and overruled his motion to have it appropriated to his debt.

*Winchester*, for complainant.

The object of the bill is, that the deeds to Kane, M'Masters, and Lacoste, for the land mortgaged, may be decreed to be fraudulent, and to be surrendered to be vacated, so that the land may be resold, to pay the decree upon the mortgage.

Some of defendant's objections go to the merits of the bill, and some to the jurisdiction of this Court.

It is said, we can take out execution on the original decree and sell the mortgaged land, because the lien still remains, notwithstanding these deeds ; also, that we can take out execution against Kane, Mackin, and Little, on the bond, and sell the mortgaged property, or property of Mackin and Little ; also, that the complainant might have set aside the proceedings in the court below, upon motion or petition.

These objections all go to the merits of the bill, and if they prove anything, prove that this bill would be dismissed on demurrer, whether filed in the circuit court, or their court.

The answer to all these objections is, that, admitting them all to be true, it does not show that we have not also this additional remedy. Suppose we sold under the original decree, or under the bond, the land mortgaged, we sell land to which there are titles in Kane, Mackin, and Little, and the purchaser might contest their titles on the same ground we seek to contest them now, upon the ground of fraud. Chancery has jurisdiction to try the fraud of these titles, and decree them to be vacated, and its jurisdiction is more complete

Tooley *v*. Kane, et al.

than the court of law upon ejectment, which could not order the titles to be cancelled, and do not try the question of fraud directly, but only collaterally.

The proper question, therefore, is, has this Court jurisdiction to try the fraud and grant the relief, so that the land may be sold under an undoubted title.

The objections to the jurisdiction are, that the circuit court having had jurisdiction to foreclose the mortgage, and to enforce its decrees, that a bill for the discovery of fraud and to cancel titles in this case, is ancillary to the enforcing their execution of their decree, and therefore the jurisdiction properly attaches to the circuit court, and not to this.

We deny the premises, and we deny the conclusion.

The premises, because they prove too much. If true, it would apply equally to judgments at law, and bills would have to be filed in the common-law courts to detect fraudulent conveyances as against creditors, and compel them to surrender their titles, that the lands might be sold to satisfy the judgments at law. This would be merely ancillary to enforcing judgments at law.

We deny the conclusion, because, even if the circuit court has such jurisdiction, it does not deprive this Court of equal jurisdiction; and this is an original bill, in which plaintiffs have elected to commence in this Court, and this Court has first obtained jurisdiction.

As to an execution on the bond of Kane, Mackin, and Little, I believe a sale of any property under said bond would be void.

In Story, on Equity Pleadings, the principles of the bill to remove obstacles are shown —

1. When, in a cause in which an inferior court has jurisdiction, a question arises not within its jurisdiction, such court cannot proceed in the cause. 1 T. Rep. 556.

This is a familiar principle. The circuit court has no jurisdiction to set aside conveyances for fraud, to let in a complainant to the benefit of his decree against land conveyed or alienated fraudulently, as against creditors.

2. As to concurrent jurisdiction. "To remove a fraudulent deed out of the way, plaintiff had a right to resort to a court of equity, the two jurisdictions being concurrent, as to this matter."

A case of judgment at law. *Claiborne* v. *Gross, et al.*, 7 Leigh, 345 ; *Murray* v. *Morgan*, 3 Lit. 295.

CHANCELLOR. The complainant shows, in substance, by his bill, that he obtained a decree in the Circuit Court of Adams county, to foreclose a mortgage against Horace Gridley, upon a lot in the city of Natchez. The decree was placed in the hands of an officer, who sold the lot to the defendant, Kane, made him a deed therefor, and took from Kane a bond for the payment of the purchase-money, with the defendants, Little and Mackin, as sureties. The bond was returned, and payment not being made thereon at maturity, was forfeited, and thereupon, an execution of *fieri facias* issued against the obligors therein, according to the provisions of the statute upon that subject. This execution was levied upon the lot aforesaid, and other property of the defendant, Kane, which were afterwards sold, under a *venditioni exponas* ; that the defendant, M'Master, became the ostensible purchaser of said lot ; that Tooley moved, at the return term of the *vendi. expo.*, to have the money made thereon applied to the satisfaction of his debt, but this motion was overruled, and the money otherwise applied ; that another execution was issued and levied on the property of the defendant, Mackin, which was advertised, and sold in part to complainant, who receipted, on that execution, for the property by him purchased, to the amount of $1635 ; that this execution, on the motion of Mackin, was subsequently quashed, on the ground that there was no judgment to support it ; that the commissioner, executing the decree, made no report of the manner of executing the same, nor was there any order confirming his proceedings in the premises. It is charged that Kane was not a *bonâ fide* purchaser of the mortgage lot ; that he paid nothing for it ; that the *fi. fa.* under which M'Master purchased was void, there being no judgment to sustain it ; that M'Master was a clerk of Kane ; that he paid no money for the lot, or, if he did, that it was the money of Kane ; that Kane still retained the possession of the lot ; and that M'Master made a fraudulent sale to the defendant, Lacoste. Complainant insists, that his mortgage still retains its lien upon the lot, and prays that the sale thereof to Kane, from Kane to M'Master, and from him to Lacoste, may be set

aside, and declared fraudulent, and that a resale thereof may be ordered, under the original decree ; that all proceedings under that decree be set aside, and that the decree be regularly enforced, and for a *certiorari*, if necessary, to remove the case from the Circuit Court, and for general relief. To this bill the defendants have filed a joint demurrer.

The only point made by the demurrer, which I deem it necessary to notice, is that which questions the power of this Court over a case situated like that stated by the complainant's bill. The constitution of this State has conferred, through the legislature, upon the circuit courts, concurrent jurisdiction with this Court, for the foreclosure of mortgages, and their power in that particular must be regarded as coextensive with the powers of the Superior Court of Chancery. In giving this jurisdiction, it was doubtless the purpose of the constitution to afford a remedy that should be adequate to the attainment of the ends of justice, and to place at the command of these courts all the principles and rules of practice, which belong to a proceeding to foreclose a mortgage. Under decrees of foreclosure and sale, the Court designates some one as an officer, to execute the decree, by making sale of the mortgaged premises, whose acts in the case are to be reported, for the consideration of the Court.

The theory of sales of this character is, that the Court is itself the vendor, and the commissioner or master its mere agent in executing its will. The whole proceeding, from its incipient stage up to the final ratification of the reported sale, and the passing of the title to the vendee, and the money to the person entitled to it, is under the supervision and control of the Court. The Court will confirm or reject the reported sale, or suspend its completion, as the law and justice of the case may require. Even after the confirmation of a reported sale, if it appear that any fraud, error, or mistake has intervened, injuriously affecting the interest of the parties concerned, the Court will set aside the order of confirmation, and rectify the evil, or order a resale, upon petition, for that purpose. *Robertson* v. *Haun*, Freeman, Ch. R. 270.

In this case, there having been no formal report by the commissioner, and no act of the Court, recognizing and confirming his acts

in the premises, the whole case rests *in fieri*, before the Circuit Court ; and the sale under the mortgage, as well as the sale under the execution on the bond, were under the power and control of that court, subject, as we have seen, to be set aside or confirmed, according as the law or justice of the case required. But it was said, that supposing the sales to Kane and to M'Master to be under the control of the Circuit Court ; that the sale from M'Master to Lacoste would still remain in the way of enforcing the decree ; and that the Circuit Court has no power to set aside that sale. To this it may be answered, that as the decree, foreclosing the mortgage, still remained, in legal contemplation, open and unexecuted, Lacoste is to be regarded as a purchaser *pendente lite*, and consequently acquired no claim to hold the lot, against the decree, which is equally as binding and conclusive against him as against the mortgagor. 11 Ves. jun. 197 ; 2 Ves. and Beames, 200.

I do not, therefore, perceive the necessity of filing a bill to enforce the decree in this case ; but if such necessity existed, I cannot doubt, that the power would rightly belong to the Circuit Court ; it would not be assuming a new ground of jurisdiction, but exercising a power incidental to the jurisdiction over the original bill. It may be laid down as a general rule, that every court has the power to enforce its own orders, judgments, or decrees. I am, accordingly, of opinion, that the demurrer should be sustained, and the bill dismissed.