Mr. Justice Thacher
delivered the opinion of the court.
Hand, president of the board of police of Clark county, and the successor in office of Mitchell, instituted an action of assumpsit against Yance, Covington, Trotter and Collins, makers of a promissory note, payable to Mitchell, in his capacity of president aforesaid. The declaration avers a delivery of the note to the plaintiff, and the breach alleges its nonpayment to him. Covington and Trotter pleaded non assumpsit, and a special plea setting up the defence that they were but the sureties, of the principal debtor, and that the creditor in the note, after its maturity, had extended the time of payment for the space of six months. A general demurrer was filed to this plea, which was overruled in the court below.
It has been heretofore determined by this court, that a creditor has not the power to enlarge the time of payment by his principal debtor, upon a contract in which that debtor has sureties, unless upon certain conditions. Newell & Pierce v. Hamer et al. 4 How.; Wadlington v. Gary, 7 S. & M. 522. The plea in this case only sets up the defence of mere indulgence by granting an extension of time to the principal. Such an act alone will not release sureties. The plea does not allege a valid agreement for indulgence, based upon a sufficient consideration, and made without the assent of the sureties, which are essential to the perfection of the defence attempted. The plea, in this *475 case, is substantially defective, and differs from that in Ray et al. v. Woolfolk, use, &c. 1 S. & M. 523, where the plea was good in substance, but informally pleaded. The demurrer should, therefore, have been sustained.
But it is also insisted that, since a demurrer, in whatever stage of the proceedings it is taken, reaches back, in its effect, through the whole record, and the declaration in this case being bad, the judgment should nevertheless be for the defendants. It is true that where the parties join in a demurrer, upon any one particular point, in any stage of the pleadings, judgment must be given upon the whole record, but this has relation to the first substantial fault in the pleadings, and not to a mere formal defect. The reason for this restriction is, that defects in substance are not aided by the adverse party’s pleading over, as is the case in formal defects. Gould’s Pleading, 474. Now in this case, the declaration shows sufficiently that the plaintiff has a cause of action, and is consequently substantially good.
The judgment must be reversed, and the demurrer directed to be sustained with judgment of respondeat ouster, under which, leave to amend the plea, if desired, can be had in the court below, to which the cause is remanded.