JAMES E. BOWDEN, LACEY HARDESTY and FRANK L. JOHNS, trading in the firm name and style of J. E. BOWDEN AND COMPANY, *vs.* PHILADELPHIA, BALTIMORE AND WASHINGTON RAILROAD COMPANY, a corporation of the State of Delaware.

1. CARRIERS—CARRIAGE OF GOODS—ACTIONS FOR LOSS—PERSONS ENTITLED TO SUE.

In an action by a shipper to recover for loss of goods under Interstate Commerce Act February 4, 1887, c. 104, § 20, 24 *Stat.* 386 (*U. S. Comp. St.* 1901, *p.* 3169), as amended by Act June 29, 1906, c. 3591, § 7, *par.* 11, 34 *Stat.* 593 (*U. S. Comp. St. Supp.* 1911, *p.* 1307), requiring any interstate carrier to issue a bill of lading, and making it and any other carrier to which it may be delivered liable "to the lawful holder thereof" for any loss, the holding of the bill of lading is not a prerequisite to such right or action; but the statute extends its remedy directly against the carrier to whom goods are delivered for shipment in behalf of such shipper, or one who has succeeded to his rights.

2. CARRIERS—BILL OF LADING.

A bill of lading is not a contract of shipment, but evidence thereof.

(*June* 29, 1914.)

Judges WOOLLEY AND RICE sitting.
*Andrew J. Lynch* and *Albert F. Polk* for plaintiffs.
*Whiley and Jones* for defendant.
Superior Court, Sussex County, June Term, 1914.

Action by James E. Bowden and others, trading in the firm name of J. E. Bowden and Company, against the Philadelphia, Baltimore and Washington Railroad Company.

SUMMONS CASE (No. 18, June Term, 1913). Demurrer to declaration upon the grounds appearing in the opinion of the court. Demurrer overruled.

WOOLLEY, J., delivering the opinion of the court:

This is an action upon several contracts of carriage, with respect to which the plaintiffs declare that they delivered to the defendant and the defendant accepted from the plaintiffs certain of the plaintiffs' property to be by it promptly and safely carried and transported in several parts from the Town of Seaford in the State of Delaware to the City of Philadelphia in the State of Pennsylvania, and from the Town of Seaford in the State of Delaware to the Town of Cumberland in the State of Maryland, and in breach of which the plaintiffs charge that the defendant neglected to promptly and safely carry the same to the points of destination as promised, to their damage in the amount they seek to recover by this action.

The defendant demurs to the several counts of the declaration, and for grounds of demurrer contends that the transactions declared upon are interstate commercial transactions, that to recover upon such transactions the plaintiffs must aver that they are the *lawful holders of the bills of lading* issued by the defendant for the receipt and carriage of the property, that as the counts contain no such averments they are insufficient in law, and for authority for this contention cites a part of *section* 20 of the amendment to the *Interstate Commerce Act* of June 13, 1906, *Supp.* (1911) *to U. S. Comp. St.* (1901) 1907, which is as follows:

"That any common carrier, railroad or transportation company receiving property for transportation from a point in one state to a point in another state shall issue a receipt or bill of lading therefor and shall be liable to the lawful holder thereof for any loss, damage or injury to such property caused by it or by any common carrier, railroad or transportation company to which such property may be delivered or over whose line or lines such property may pass, and no contract, receipt, rule, or regulation shall exempt such com-

mon carrier, railroad or transportation company from the liability hereby imposed: Provided, that nothing in this section shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under existing law."

If there is any doubt about the purpose and meaning of this provision of the act it is dispelled by the remainder of the provision, which is:

"That the common carrier, railroad or transportation company issuing such receipt or bill of lading shall be entitled to recover from the common carrier, railroad or transportation company on whose line the loss, damage or injury shall have been sustained, the amount of such loss, damage or injury as it may be required to pay to the owners of such property, as may be evidenced by any receipt, judgment or transcript thereof."

[1]   The manifest object of this provision of the statute is to enable one who contracts with a common carrier for the carriage of goods to a point in a distant state over its lines and over the connecting lines of several common carriers, to recover damages for injury thereto, directly from the carrier to which the goods were delivered and by which the bill of lading therefor was issued, without being compelled to seek out and sue the particular carrier that occasioned the injury.   The legal effect of the provision, so far as it relates to a carrier, is to impose upon it a legal liability to perform and complete by delivery at destination every contract of interstate carriage into which it may enter for itself and for its connecting lines from which escape can be made neither by rules nor regulations of its own or by the contract or consent of the shipper.   The legal effect of the provision, so far as it relates to a shipper, is not to confer upon him a right to a new kind of contract, but to extend to him rather a new and an additional remedy upon the kinds of contracts he may theretofore have been able to make, by affording him an opportunity to sue and recover from the carrier to which the property was delivered for shipment, under the liability imposed upon the carrier by the statute.

[2]   Although the statute says "that any common carrier * * * receiving property for transportation from a point in one state to a point in another state shall issue a receipt or bill of lading therefor and shall be liable *to the lawful holder thereof* for

any loss," we conceive that by that language the statute does not attempt to create a class of shippers who alone may resort to the liability imposed, either by giving to the holder of a bill of lading a right of action when otherwise he has no cause of action, or by making the mere holding of a bill of lading a prerequisite to a right of action when otherwise the owner of the property shipped has a legal cause of action. In other words, we construe the statute to extend its remedy directly against the carrier to whom goods are delivered for shipment, and in behalf of the shipper who delivered the same for shipment, or in behalf of one who, by some lawful transaction, has succeeded to the shipper's rights. Such a person may or may not *hold* the bill of lading, and his failure to hold a bill of lading, upon proof of his right otherwise, to recover, will no more defeat that right than will the mere possession of a bill of lading confer a right of recovery upon one otherwise without a right to recover. In fact goods may be and frequently are delivered and received for shipment without a bill of lading being issued therefor. Certainly, if a bill of lading was never issued to a shipper, the carrier's failure to evidence its contract in this form would neither withdraw from the shipper his right to recover, nor relieve the carrier from its liability to pay for loss of goods delivered and received for shipment, under the right conferred and the liability fixed by the statute. The shipper's right to recover, in any event, depends upon his right of action, and his right of action primarily depends upon his contract of shipment. A bill of lading is not a contract of shipment. It is the evidence of such a contract, and probably the best evidence of it. We decline to say that it is the only evidence of it. It is, however, evidence, and being evidence, we are of opinion that it is not required to be pleaded, though admissible at trial in proof of the contract pleaded.

The demurrer is overruled.

## LOFLAND'S BRICKYARD CROSSING CASES.