S. B. AULTMAN, *Plaintiff in Error*, v. ATLANTIC COAST LINE R. R. COMPANY, A CORPORATION, *Defendant in Error*.

## Opinion filed March 1, 1916.

1. In an action against a common carrier whereby it is sought to recover damages for the loss of perishable goods entrusted to such carrier for shipment, alleged to have been occasioned through the negligent handling of and unreasonable delay by the carrier in transporting such goods, the declaration is not demurrable for failing to allege that the plaintiff was the owner of the goods. The consignor has the implied right to bring such action by reason of his delivery of the goods by him to the carrier and its receipt of them for carriage, especially when it is made to appear from the allegations of the declaration that the consignee was to receive and sell the goods for the plaintiff as the consignor.

2. In actions at law where the negligence of the defendant is the basis of recovery it is not necessary for the declaration to set out the facts constituting such negligence, but an allegation of sufficient acts causing injury to the plaintiff, coupled with an allegation that such acts were negligently done, will be sufficient.

3. In an action by a shipper to recover for loss of goods under Interstate Commerce Act Feb. 4, 1887, c. 104, sec. 20, 24 Stat. 386 (U. S. Comp. St. 1901, p. 3169), as amended by Act June 29, 1906, c. 3591, sec. 7, par 11, 34 Stat. 593 (U. S. Comp. St. Supp. 1911, p. 1307), requiring any interstate carrier to issue a bill of lading, and making it and any other

carrier to which it may be delivered liable "to the lawful holder thereof" for any loss, the holding of the bill of lading is not a prerequisite to such right of action; but the statute extends its remedy directly against the carrier to whom goods are delivered for shipment in behalf of such shipper, or one who has succeeded to his rights. The declaration is not subject to demurrer for failing to allege that a receipt or bill of lading was issued for the goods and that the plaintiff was the lawful holder of such bill of lading.

Writ of Error to Circuit Court, Ocseola County; Jas. W. Perkins, Judge.

Judgment reversed.

*Johnston & Garrett,* for Plaintiff in Error;

*Landis & Fish,* for Defendant in Error.

SHACKLEFORD, J.—S. B. Aultman instituted an action at law against the Atlantic Coast Line Railroad Company, a corporation, whereby he sought to recover damages for unreasonable delay in transporting three separate shipments of celery delivered by the plaintiff to the defendant corporation at Kissimmee City, Florida, a station on the defendant's railroad, for shipment and delivery to certain named consignees in the city of Baltimore, Maryland, and New York City, alleged to have been occasioned by the defendant, and also for the improper and negligent handling of such shipments through lack of refrigeration  The amended declaration contains three counts, each relating to a separate shipment, and being of similar character in the allegations.  The defendant interposed a demurrer to "each and every count severally" of the amended declaration, which de-

murrer was sustained by the court, and, the plaintiff declining to plead further, final judgment was rendered against the plaintiff, which judgment is brought here for review.

The declaration covers over seven typewritten pages and the demurrer is almost as lengthy. We shall not copy either the declaration or the grounds of the demurrer, but shall refer to such portions of each as may seem advisable for a proper disposition of the case. The declaration is by no means a model and could be much improved by condensation and could be made more certain, clear, direct and positive in its allegations, as we said was true of the declaration in the case of Seaboard Air Line Railway v. Rentz, 60 Fla. 429, 54 South. Rep. 13. After alleging the delivery by the plaintiff to the defendant at Kissimmee City, a station on defendant's railroad, of 350 crates of celery, perishable goods, in good order for transportation by the defendant to the City of Baltimore, and there to be delivered to W. E. Jones & Co., the assignee, the first count of the declaration proceeds to allege as follows: "Said consignee had theretofore agreed to handle for plaintiff the said goods, provided they should be delivered, in good order and condition, at Baltimore aforesaid, and to sell same for plaintiff for the sum of eight hundred seventy-five dollars therefore, as well as the freight charges thereon. But defendant and its connecting carriers did not carry the said goods with proper speed and care, and with proper refrigeration and attention to the said city of Baltimore; but, on the contrary thereof, transported the same with such great and unreasonable delay, and such improper attention and care, and such negligence of dispatch and refrigeration that, because of such great and unreasonable delay, and such improper attention and

care, and such negligence of dispatch and refrigeration on the part of the defendant and its connecting carriers, the said goods became and were a total loss, and because of such great and unreasonable delay, and such improper attention and care, and such negligence of dispatch and refrigeration, said goods were refused by the consignee, on the ground that they were wholly decayed and valueless, and unfit for use and sale, and, because of such great and unreasonable delay, and such improper attention and care, and such negligence of dispatch and refrigeration, said goods became and were a total loss to the plaintiff in the sum of eight hundred and seventy-five dollars. And the said defendant, and its connecting carriers, well knew that the said celery was perishable, and was liable to damage and destruction if not carried to its destination with proper speed and care, and with proper refrigeration and attention, and delivered to the consignee with proper speed and care and with proper refrigeration and attention. Yet the said defendant, not regarding its duty in the premises, did transport the said goods with great and unreasonable delay and with improper and insufficient attention and care and with negligence of despatch and refrigeration, whereby the damage aforesaid resulted. And the said defendant has heretofore received from the plaintiff the reward demanded by it for the services which it undertook and agreed to perform, and the duties which it assumed toward this plaintiff. Yet it wholly failed and neglected to perform the said service and the said duties. Wherefore plaintiff claims damages in the amount of two thousand dollars."

We think that the declaration sufficiently alleges the ownership by the plaintiff of the property in question as to give him the right to maintain this action. See Atlantic Coast Line R. Co. v. Partridge, 58 Fla. 153, 50 South.

Rep. 634, and authorities there cited. Also see 3 Ency. of Pl. & Pr. 825, *et seq.,* and authorities cited in the notes. We are also of the opinion that the allegation of the acts of the defendant causing the injury to the plaintiff is sufficient to withstand the attack made by the demurrer upon that ground. See Seaboard Air Line v. Rentz, *supra.* The declaration alleges the date the celery was delivered to the defendant for shipment and we do not think the failure to allege the date when the shipment reached its destination is fatal, since such information is peculiarly within the knowledge of the defendant or easily obtainable by it. We would add that there could be no possible objection to the declaration stating when the shipment did as a matter of fact reach the point of destination, if the plaintiff has such information, and it might be well to do so.

The plaintiff admits in his brief that the action was brought under what is popularly known as the Carmack Amendment, the same being Section 20, as amended by the Act of June 29, 1906, 34 U. S. Statutes at Large 584. We had occasion to copy that portion of Section 20 which is material here in Fornel v. Florida East Coast Ry. Co., 65 Fla. 102, 61 South. Rep. 194, but, as a matter of convenience, we copy it again here: "That any common carrier, railroad or transportation company receiving property for transportation from a point in one State to a point in another State shall issue a receipt or bill of lading therefor and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property caused by it or by any common carrier, railroad or transportation company to which such property may be delivered, or over whose line or lines such property may pass, and no contract, receipt, rule or regulation shall exempt such common carrier, railroad, or trans-

portation company from the liability hereby imposed; Provided, that nothing in this Section shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under existing law.

That the common carrier, railroad or transportation company issuing such receipt or bill of lading shall be entitled to recover from the common carrier, railroad or transportation company on whose lines the loss, damage or injury shall have been sustained, the amount of such loss, damage or injury, as it may be required to pay to the owners of such property, as may be evidenced by any receipt, judgment, or transcript thereof."

It is contended by the defendant in support of certain grounds of its demurrer that the declaration is defective for its failure to allege or show that a receipt or bill of lading was ever issued for the shipment in question and that the plaintiff was the lawful holder of such bill of lading. We do not think that this contention is sound. See the reasoning in Bowden v. Philadelphia, B. & W. R. Co. (Del.), 91 Atl. Rep. 209, which is squarely in point. We would also refer to Pecos & N. T. Ry. Co. v. Meyer, (Tex. Civil App.), 155 S. W. Rep. 309.

There is an averment that the common carrier received and accepted the freight to be carried with proper refrigeration. We think this tantamount to an allegation that the carrier contracted for the usual and ordinary refrigeration accorded that particular kind of freight.

No further discussion seems to be necessary. The judgment must be reversed, with directions to overrule the demurrer to the amended declaration.

Judgment reversed.

TAYLOR, C. J., and COCKRELL and ELLIS, JJ., concur.

WHITFIELD, J., absent on account of illness.