CHASE & COMPANY, A CORPORATION, *Plaintiff in Error*, v. ATLANTIC COAST LINE RAILROAD COMPANY, A CORPORATION, *Defendant in Error*.

Division B.

Opinion Filed November 15, 1927.

Petition for Rehearing Denied January 10, 1928.

*Maguire & Voorhis,* Attorneys for Plaintiff in Error;

*Akerman & Crawford* and *Joseph H. Ross,* Attorneys for Defendant in Error.

TERRELL, J.—Plaintiff in error filed its declaration in the Circuit Court of Orange County, seeking to recover damages in the sum of fifteen hundred dollars ($1,500.00) against defendant in error for negligently transporting one car of oranges from Dunedin, Florida, to New York City, in the State of New York. There was a demurrer to the declaration which was sustained. Plaintiff in error refused to amend its declaration, so the cause was dismissed September 21st, 1926, and writ of error was prosecuted from that order.

This action is grounded on the Carmack Amendment to the Interstate Commerce Act, the pertinent part of which is as follows:

"Any common carrier, railroad or transportation company subject to the provisions of this Act receiving property for transportation from a point in one state or territory or the District of Columbia to a point in another state, territory, District of Columbia or from any point in the United States to a point in an adjacent foreign country shall issue a receipt or bill of lading therefor and shall be liable to the lawful holder thereof for any loss, damage or injury to such property holder thereof for any loss, damage or injury to such property caused by it or by any common carrier, railroad or transportation company to which such property may be delivered or over whose line or lines such property may pass within the United States or within an adjacent foreign country when transported on a through bill of lading and no contract, receipt, rule, regulation or other limitation of any character whatsoever shall exempt such common carrier, railroad or transpor-

tation company from liability hereby imposed; and any common carrier, railroad or transportation company so receiving property for transportation from a point in one state, territory or the District of Columbia to a point in another state or territory or from a point in a state or territory to a point in the District of Columbia or from any point in the United States to a point in an adjacent foreign country or for transportation wholly within a territory shall be liable to the lawful holder of said receipt or bill of lading or to any party entitled to recover thereon whether such receipt or bill of lading has been issued or not for the full actual loss, damage or injury to such property caused by it or by any such common carrier, railroad or transportation company to which such property may be delivered or over whose line or lines such property may pass within the United States.''

The controlling question raised by the demurrer below and brought here for our determination is whether or not a declaration resting on this Act should allege that the plaintiff is the ''lawful holder'' of the bill of lading.

Inspection of the Act discloses that it was enacted for the benefit of the lawful holder of the bill of lading or any party entitled to recover thereon whether issued or not. In Adams Express Co. v. Croninger, 226 U. S. 491, 33 Sup. Ct. Rep. 148, the Supreme Court of the United States announced the dominant features of the Act to be as follows: (1) It affirmatively requires the initial carrier to issue ''a receipt or bill of lading therefor'' when it receives ''property for transportation from a point in one state to a point in another. (2) The initial carrier is made ''liable to the lawful holder thereof for any loss, damage or injury to such property caused by it.'' (3) The initial carrier is also made liable for any loss, damage or injury to such property caused by ''any common

carrier, railroad or transportation company to which such property may be delivered or over whose line or lines such property may pass,'' and (4) it affirmatively provides that ''no contract, receipt, rule or regulation shall exempt such common carrier, railroad or transportation company from the liability hereby imposed.''

The Interstate Commerce Act being a Federal Act supersedes all state laws affecting the carrier's liability for interstate shipments of property. The Carmack Amendment to the Interstate Commerce Act while defining the carrier's liability for interstate shipments has no specification as to pleading in such cause. In this situation the rules of pleading in common law cases prevailing in the state courts would control.

Under the rules of pleading in this state the declaration must by positive and direct allegations or fair inference therefrom contain all ultimate facts on which the plaintiff relies for recovery. Louisville & N. R. Co. v. Guyton, 47 Fla. 188, 36 South. Rep. 84; Milligan v. Keyser, 52 Fla. 331, 42 South. Rep. 367; Royal Phosphate Co. v. Van Ness, 53 Fla. 135, 43 South. Rep. 916; Hoopes v. Crane, 56 Fla. 395, 47 South. Rep. 992; Kirton v. Atlantic Coast Line R. Co., 57 Fla. 79, 49 South. Rep. 1024; Woodbury v. Tampa Waterworks Co., 57 Fla. 243, 49 South. Rep. 556, 21 L. R. A. (N. S.) 1034; Co-Operative Sanitary Baking Co. v. Shields, 71 Fla. 110, 70 South. Rep. 934; Ingram-Dekle Lumber Co. v. Geiger, 71 Fla. 390, 71 South. Rep. 552; German-American Lumber Co. v. Brook, 55 Fla. 557, 46 South. Rep. 740; Leynes v. Tampa Foundry & Mach. Co., 56 Fla. 488, 47 South. Rep. 918.

The statute here brought in question provides a remedy whether the bill of lading was or was not issued. Its issue is, however, made mandatory, it has the attribute of commercial paper, and under the Federal bill of lading Act it

may be negotiated and under conditions therein authorized pass into the hands of other parties than the shipper or original holder as other commercial paper. Pere Marquette R. Co. v. J. F. French & Co., 254 U. S. 538, 41 Sup. Ct. Rep. 195.

Since the Carmack Amendment was passed for the protection of the lawful holder of the bill of lading which may be the original consignor or his successor in title and no one can sue to recover thereon except the lawful holder or the party entitled to recover thereon whether issued or not and the lawful holder may sue the carrier for loss or damage to goods without proving ownership of the goods, we think the conclusion inescapable under our rules of pleading that the declaration must allege that the plaintiff is the lawful holder of the bill of lading, or that he is entitled to recover thereon, and whether or not the bill of lading was or was not in fact issued.

Under the laws these are the ultimate facts on which the plaintiff relies for recovery, and it is defendant's right to be apprised of them.

This holding is not in conflict with Aultman v. Atlantic Coast Line Ry. Co., 71 Fla. 276, 71 So. 283, and Atlantic Coast Line Ry. Co. v. Roe, 91 Fla. 109, So. 205. The former case was decided March 1st, 1916, prior to the uniform Bill of Lading Act (August 29, 1916), which is very largely determinative of the question here. The latter case went off on other questions, the question involved in this case not being before the court.

We have found no case in point supporting this view, but the purpose of the Act relied on for relief, the Bill of Lading Act and the weight of Federal cases construing these Acts lead to this conclusion, and we are convinced of its soundness. Adams Exp. Co. v. Croninger, 226 U. S.

491, 33 Sup. Ct. Rep. 148; Pennsylvania Ry. Co. v. Olivitt Bros., 243 U. S. 574, 37 Sup. Ct. Rep. 468; Texas & P. Ry. Co. v. Leatherwood, 250 U. S. 478, 39 Sup. Ct. Rep 517; Pere Marquette R. Co. v. J. F. French & Co., 254 U. S. 538, 41 Sup. Ct. Rep. 195; Georgia, Fla. & Ala. Ry. Co. v. Blish Milling Co., 241 U. S. 190, 36 Sup. Ct. Rep. 541; American Fruit Growers, Inc. of Illinois v. San Antonio & Aransas Pass Ry. Co., 239 Ill. App. 151.

The order of the Circuit Court for Orange County is, therefore, affirmed.

Affirmed.

ELLIS, C. J., AND STRUM, BROWN AND BUFORD, J. J. concur.

WHITFIELD, J., dissents.