NEW ORLEANS & N. E. R. Co. *v.* ELIAS.

In Banc. Feb. 28, 1949.

(39 So. (2d) 274)

**Cameron & Wills**, for appellant.

662

**Deavours & Hilbun,** for appellee .

**McGehee, C. J.**

From a decision of the Circuit Court of Jones County, affirming a judgment of the county court thereof in favor of the appellee, Thomas Elias, against the appellant, New Orleans & Northeastern Railroad Company, as the initial carrier of a carload shipment of rice from the City of Laurel in said county to the City of Detroit, Michigan, this appeal is prosecuted. The amount of loss or damage shown was assessed by the jury upon a writ of inquiry as to the damage to a part of the shipment because of the boxcar being "sideswiped" and damaged in transit as a result of the alleged negligence of the defendant "and/or its agents". The sole question at issue on the writ of inquiry was of course the extent of the damage, the court having directed a verdict in favor of the plaintiff when the defendant declined to plead further

to the plaintiff's declaration after a demurrer thereto had been overruled.

The principal question involved on this appeal is whether or not the trial court committed error in its rulings as to the sufficiency of the pleadings.

The appellee, as shipper of the carload of rice, alleged in his original declaration the delivery of the shipment (consisting of 285 bags of rice, weighing 100 pounds each, and for which plaintiff paid $5,700) to the appellant railroad company at the City of Laurel, in good condition and properly stored in the boxcar, for transportation to Detroit; that the rice was badly damaged in transit; and also the issuance of a through bill of lading to himself therefor, a copy of which is admitted to have been attached as Exhibit "A" to the declaration, although the record here does not disclose the same as a part of the declaration, or otherwise. However, such part of the bill of lading as is deemed material by the parties on the issue before us is fully quoted in the defendant's special plea in bar, as being an exhibit to the declaration, and which was filed along with its plea of the general issue to the same.

This plea in bar admits the receipt and transportation of the quantity of rice alleged in the declaration; that the defendant issued its bill of lading to cover the shipment; that Exhibit "A" to the declaration is the original thereof; and then alleges, in avoidance of liability, that the bill of lading contains a provision, Section 2(b), upon which the defendant has relied, and continues to rely, reading as follows: "As a condition precedent to recovery, claims must be filed in writing with the receiving or delivering carrier, or carrier issuing this bill of lading, or carrier on whose line the loss, damage, injury or delay ocurred, within 9 months after delivery of the property . . . or, in case of failure to make delivery, then within 9 months after a reasonable time for delivery has elapsed; and suits shall be instituted against any carrier only within two years and one day from the

day when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof specified in the notice. Where claims are not filed or suits are not instituted thereon in accordance with the foregoing provisions, no carrier hereunder shall be liable, and such claims will not be paid.''

The foregoing constitutes all of the material averments of the special plea in bar, as amended and submitted to the Court, along with the defendant's plea of the general issue. That is to say, the plea as finally submitted contained no averment that the provisions of Section 2(b) of the bill of lading had not been complied with on the part of the plaintiff.

It appears incidentally from the Court Reporter's transcript of the proceedings that this special plea in bar, as originally drawn and filed, on January 12, 1948, contained some additional paragraphs which were stricken therefrom on January 15, 1948, upon the defendant's own motion; and it appears not from the record but in the briefs of the appellant here that one of these stricken paragraphs contained an averment that Section 2 (b) of the bill of lading had not in fact been complied with by the plaintiff in that the claim for damages had not been filed by him within the nine months prescribed therein. And, it is the position of the appellant in its briefs here that the foregoing averment was withdrawn from its said plea in bar in order to require the plaintiff to demur to the same as thus amended, instead of permitting an issue to be joined thereon.

Thereupon, the plaintiff, as anticipated, did demur to the plea in bar, as amended, and the defendant then made a motion to relate the demurrer back to the declaration and to sustain the same thereto, under the authority of 49 C. J. 443, Section 547, and 49 C. J. 444, Section 548; Miles v. Myers, Walk. 379, 1 Miss. 379; Haynes v. Covington, 9 Smedes & M. 470, 17 Miss. 470; Tucker v. Hart, 23 Miss. 548; and State v. Bowen, 45 Miss. 347,

as to the right to have the same related back thereto. This motion was overruled and the decurrer to the plea in bar was thereupon sustained.

Section 1492, Code 1942, provides that: ''If the plaintiff demur to the plea of the defendant, and the demurrer be sustained, the judgment shall be that the defendant do answer over to the declaration; but he shall be compelled to plead to the merits, and the plaintiff shall not be delayed of his trial. And if the plea then filed be demurred to and such demurrer be sustained, further leave to plead shall not be granted.''

However, the plaintiff obtained leave to make an amendment to his original declaration, which apparently was one on contract, so as to charge that: ''as a result of the delay in the movement of said freight and as a result of the *negligent* manner in which the boxcar containing said freight was handled by the defendant and/or its agents, said boxcar was damaged by being sideswiped, and as a proximate cause of said *negligent* handling the freight aforesaid was greatly damaged and caused to depreciate in value when delivered to its ultimate destination . . . ''. (Emphasis ours.)

Upon the allowance of the amendment to the declaration, the suit was thereby changed from an action ex contractu to an action ex delicto based upon the alleged negligence aforesaid, and counsel for defendant thereupon stated into the record a concession that the plaintiff was entitled to so amend his declaration, and then further stated: ''but we would not be in position to meet the new cause of action stated by way of amendment at this trial or at this term. If the amendment should be allowed, we would be compelled to ask that the case be continued for the term, that we be given the usual time and opportunity to prepare a defense. We would be confronted with an entirely new cause of action, one which was not incorporated in the declaration as originally filed and one which we had not come here today prepared to meet, and as to which we would be entitled

to the full time allowed by law to prepare for trial." The court thereupon sustained the contention of the defendant in that behalf and continued the case until the next regular term. It thus appears that the court and both of the parties understood that the suit was to be proceeded with thereafter as one in tort and not as an action based on contract.

■ ■ Moreover, in Vol. 4, Section 1693, in Elliott On Railroads, (2d Ed.), it is said: "As a general rule, where there is a breach both of contract and of duty imposed by law, as in case of loss or injury by a common carrier, the plaintiff may elect to sue either in contract or in tort." And, in 41 Am. Jur. 339, 340, Section 72, it is said: "An action is not ex contractu where the contract is pleaded as inducement only, showing the relation out of which the duty alleged to have been violated arose."

In the recent case of Hasson Grocery Company v. Cook, 196 Miss. 452, 17 So. (2d) 791, 792, the Court said: "Concededly an injury may give rise to an action either ex delicto or ex contractu. That the tort involved a breach of contract is no impairment of the right to sue for the tort. The contractual relation expends its force once it has served to establish a relationship which creates duties whose breach constitute the tort. Braun v. Riel, Mo. Sup., 40 S. W. (2d) 621, and case notes in 80 A. L. R. 884, 115 A. L. R. 1026. But suits when brought avowedly upon negligence invoke the breach of duty as a tort and not as a breach of contract."

And, in Aiken v. Southern ailroad Company, 118 Ga. 118, 44 S. E. 828, 829, 62 L. R. A. 666, 98 Am. St. Rep. 107, it is said: ■ ■ " 'Tort is the natural and habitual foundation of the action for the breach of the ordinary contract of carriage, and the declaration will be so construed, unless the facts of the case clearly show that the plaintiff has elected to sue on the contract.' Whittenton Mfg. Co. v. [Memphis & O. River] Packet Company, C. C., 21 F. 896."

Again, it is said in Volume 4, Section 1714, in Elliott on Railroads, (2d Ed.): "There is a clear conflict in the cases on the subject of pleading a compliance with a condition in the contract of shipment that notice of damages must be presented within a fixed time after such injuries have been received or after the arrival of the shipment at destination. In states where this condition is deemed a condition precedent to the maintenance of an action the courts require the plaintiff to plead a compliance therewith. But the greater number of courts seem to view such stipulations as not strictly conditions precedent to actions but rather as limitations on the right of recovery and hence a matter of defense to be raised by the answer." And, in Section 1693 of the same text it is said: "But the election of the plaintiff to sue in tort does not prevent the carrier from setting up a special contract as a defense, if it is not invalid and by its terms relieves the carrier from liability." On this point, see also 41 Am. Jur. 351, Section 87; and page 403, Section 169.

At the next succeeding term of court, the defendant filed a demurrer to the declaration as amended, the principal ground of which was that the bill of lading attached as Exhibit "A" to the declaration contained the said Section 2 (b) hereinbefore quoted in this opinion, and that the declaration, as amended, did not allege that any claim for the damage was filed within the period of nine months prescribed in said provision, or that any claim has been filed at all. This demurrer was argued orally before the trial judge, and it appears that the arguments of counsel were taken by the court reporter, and are now incorporated in the record here on appeal. During the course of the arguments on this demurrer, the counsel for the plaintiff stated, among other things, that "The plaintiff intends to show that he entered into correspondence with the defendant railroad and with the other railroads within two or three months after a reasonable time for delivery of the property . . . ; wrote them letters;

they wrote him letters; and taking all of these letters together you (the carriers) are informed as to what was damaged; how much was damaged; what the claim was; where the accident occurred; how it occurred; and even the parties who had knowledge—the parties representing the railroads who had knowledge of these facts—this correspondence even shows that. . . . We contend and intend to prove that the railroad had such notice. It had sufficient notice. It knew there was damage to the rice; how much rice there was; where the damage is alleged to have occurred; knew who was putting in the claim; and we also intend to prove that the plaintiff tried to make a claim—a formal claim— . . . ''.

At the conclusion of the argument, the trial court overruled the demurrer on the ground that the amended declaration was an action in tort for damages because of alleged negligence, and that it was not therefore necessary for the plaintiff to allege a compliance with the contractual obligations contained in an exhibit to the declaration, attached to show the relation of shipper and carrier, as he would have been required to do if the suit had been on the contract.

Thereupon the defendant stated in open court that: ''Now, if your Honor Please, it is our purpose to stand on the demurrer and not plead further, however we will be parties to any subsequent pleadings.'' The court then entered an order reciting the fact that the defendant had ''chosen to stand on his demurrer and not to plead to plaintiff's declaration, . . . '', and the order further recites that ''The court therefore directs a verdict for the plaintiff and orders a writ of inquiry to determine the damages.''

It appears, therefore, that although the plea of the general issue had not been formally withdrawn ,the same was abandoned by the defendant, and the plaintiff was thereupon relieved of the burden of proving his case on the merits, except to the extent of the amount of damages under the writ of inquiry. Nor is it contended here

that the trial court was in error in assuming that the defendant had chosen to stand on its overruled demurrer alone and was not desiring to be understood as pleading otherwise to the declaration. The result was that this action of the defendant served to preclude the plaintiff from making proof that the claim had been filed in writing within the time required by Section 2 (b) of the bill of lading, since the plaintiff had been awarded a directed verdict in his favor on liability by reason the fact that the defendant had declined to plead to the amended declaration after its demurrer thereto had been overruled.

Since we are of the opinion that the proof at the hearing on the writ of inquiry was ample to sustain the verdict of the jury, we discuss only the question as to whether the plaintiff was required in his declaration on an action in tort, based on the alleged negligence hereinbefore mentioned, to allege affirmatively a compliance with the provision of the bill of lading in question, or whether in such action he was entitled to treat the reference to the bill of lading therein as an exhibit to such declaration as being mere inducement to show the relationship between the parties out of which there arose the action in tort,—thereby leaving to the defendant the right or duty to plead as an affirmative defense to a recovery any alleged failure to file the claim within the time required by the terms of the bill of lading.

It should be again stated here that the declaration, as amended, charges that the damage complained of was the result of the negligent manner in which the boxcar was handled by the defendant, "and/or its agent," and the care being sideswiped, and that this was a proximate cause of such negligent handling. No fault or negligence is charged against any connecting, or a delivering, carrier. Hence, if the plaintiff could have proved that the damage was due solely to the negligence of the defendant "and/or its agents" in its special employ, there would have been no need for reliance by the plaintiff on the Carmack Amendment of June 29, 1906, to the Hepburn

Act, 49 U. S. C. A., § 20, Par. (11), or any subsequent amendments thereto, *insofar as the declaration on its face disclosed.* However, if, at the trial, the plaintiff had been able to prove, as alleged, a delivery of the shipment to the defendant in good condition, and its receipt at the point of destination in a damaged condition, and had been unable to show on the line of what carrier the damage occurred, he would have thereby made out a prima facie case, and he could have then invoked in support of the liability of the initial carrier the provisions of the Carmack Amendment although he had not alleged its applicability. But, in order to do so, it would have been necessary for it to have been shown in evidence that the claim had been filed with the receiving or other carrier within the nine-month period prescribed by the requirement of the bill of lading in that behalf, as validly authorized under the Carmack Amendment and subsequent amendments to the Interstate Commerce Act.
In other words, if it had appeared either from the proof of the plaintiff or that of the defendant that the claim had not been filed within the time prescribed, the defendant would have been entitled to a directed verdict, and this would have been true without regard to whether or not the suit was on the contract or one in tort arising out of the breach of a duty owing by the carrier to the shipper.

Whatever may have been disclosed by the proof at the hearing on the writ of inquiry in the instant case as to any responsibility of a connecting, or the delivering, carrier for the damaged condition of the shipment, was shown after a directed verdict on liability of the defendant had been ordered, and we must therefore look to the sufficiency, or insufficiency, of the amended declaration as it stood at the time the demurrer thereto was overruled, and not to the proof under such writ.

In the case of Norfolk Truckers' Exchange v. Norfolk Southern R. Company, 116 Va. 466, 82 S. E. 92, it was held that the Carmack Amendment may be invoked al-

though the declaration does not aver that any connecting carrier exists, or show any facts to allow the Carmack Amendment to operate but asserts a pure common law claim, where the facts, as shown in the evidence, make it clear that the cause of action comes within the sphere of the statute.

In the case of Chase & Co. v. Atlantic Coast Line R. Company, 94 Fla. 922, 115 So. 185, it was held that the Interstate Commerce Act, being a Federal Act, supersedes all state laws affecting the carrier's liability for interstate shipments of property, and that █ the Carmack Amendment to the Interstate Commerce Act, while defining the carrier's liability for interstate shipments, has no specifications as to pleadings in such causes. That in this situation the rules of pleading in common law cases prevailing in the state courts would control.

And, it was held in the case of Amber v. Davis, 1926, 221 Mo. App. 448, 282 S. W. 459, 464, that in an action against a carrier for damages to goods in transit that the fact that there was no notice given of the claim for damages as required by the bill of lading is a matter of defense, the Court saying: "It is insisted there was no notice of claim for damages as required by the bill of lading. This was a matter of defense, and there is no evidence in the record of the lack of such notice." The suit involved the application of the Cummins Amendment, 49 U. S. C. A. § 20, amending the Carmack Amendment. A different factual situation is involved, and it does not appear that there was a demurrer setting forth the failure to plead the giving of such notice, but the case does decide that the lack of such notice is a matter of defense.

The Carmack Amendment to the Hepburn Act of June 29, 1906, 49 U. S. C. A. § 20, Par. (11) as it existed after the amendment thereto of Feb. 28, 1920, 41 Stat. at L. 494, contained, among other provisos: "That if the loss, damage, or injury complained of was due to delay or

damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery.'' However, under the last amendment of the Carmack Amendment effective September 18, 1940, 54 Stat. at L. 916, 49 U. S. C. A. § 20 (11), the permissible period for filing of claims was extended from four months to nine months, and the prohibition against the requirements of claims by written notice, and bringing of action, where the damage was due to delay or damage while being loaded or unloaded, or damage in transit by carelessness or negligence, was eliminated by the Cummins Amendment to the Carmack Amendment; and hence the giving of such notice ''as a condition precedent to recovery'', then became necessary whether the action be on contract or in tort.

And, in either case, the carrier is not permitted to waive the filing of the claim within the nine-month period provided for, where the Carmack Amendment and subsequent amendments thereto of the Interstate Commerce Act are applicable. It was so held in the case of Georgia, Florida, etc. R. Company v. Blish Milling Company, 241 U. S. 190, 36 S. Ct. 541, 60 L. Ed. 948, cited in the case of L. M. Kirkpatrick Company v. I. C. R. Company, 190 Miss. 157, 190 So. 692, 135 A. L. R. 607. Numerous other cases could be cited to sustain this view, but we deem it sufficient to say that ██ █ the purpose of the requirement is to afford the carrier an ample opportunity to make an investigation and determine upon which of the carriers of the shipment in interstate commerce is the responsibility for the loss or damage thereto; and the requirement being therefore for the benefit of each of the carriers the same cannot be waived by either. Then, too, an attempted waiver would be contrary to the public policy involved under Carmack Amendment.

██ █ However, neither the Blish Milling. Company Case, supra, nor the multiplicity of annotated cases under

the Carmack Amendment, Title 49 U. S. C. A. § 20, Par. (11), covering pages 93 to 287 inclusive, and from pages 37 to 64 inclusive of the 1948 Pocket Part of the annotations to the said Amendment disclose any case holding that it is necessary for the plaintiff to allege in his declaration in a tort action compliance with the requirement as to filing the claim within the nine-months prescribed. Nor have we been able to find any case so holding.

As to whether or not it is necessary as a matter of pleading under our local statutes and procedure in an action in tort for the declaration to allege the performance of conditions precedent to recovery the same as if the suit were on contract, Section 1505, Code 1942, provides that: "In pleading the performance of conditions precedent, the plaintiff or defendant may aver generally that he duly performed all the conditions on his part; and the opposite party shall not deny such averment generally, but shall specify in his pleading the condition preceded the performance of which he intends to contest."

Therefore, if this were a suit on the contract, as it apparently was on the original declaration, it would have been necessary that the plaintiff should have at least averred generally that he had duly performed all of the conditions on his part, but he contends that the foregoing statute has application only to suits ex contractu, such as those on insurance policies and other contracts containing conditions precedent to the maintenance of a suit thereon or to liability thereunder.

Ordiarily there are no conditions precedent to be performed by a plaintiff in an action in tort which is based upon alleged negligence, and we are therefore, of the opinion that the foregoing statute which provides for pleading the performance of conditions precedent by general averment was intended to relate only to cotractual requirements that are to be precedently performed where the suit is upon a contract, and that Section 1464, Code 1942, is applicable here, reading as follows: "The dec-

laration shall contain a statement of the facts constituting the cause of action, in ordinary and concise language, without repetition; and if it contains sufficient matter of substance for the court to proceed upon the merits of the cause, it shall be sufficient; and it shall not be an objection to maintaining any action that the form thereof should have been different.''

Then, too, as was stated in the opinion in the Blish Milling Company case, supra [241 U. S. 190, 36 S. Ct. 544], the stipulations as to the filing of a claim under the Carmack Amendment within the period prescribed, ''is not to escape liability, but to facilitate prompt investigation.'' In other words, it is the fact of filing the claim that enables the initial or other carrier to make the investigation and ascertain the responsibility for the loss or damage as among the respective carriers of an interstate shipment, and not the averment in a pleading that the claim has been filed within the period prescribed. The provision of the bill of lading here in question, as quoted in the fourth paragraph of this opinion, relates primarily to what must be done as a condition precedent to recovery—the filing of the claim and the bringing of the suit within the time required—and not to what shall be alleged in order to state a cause of action. It means that a remedy for the liability which arises when the goods are delivered in a damaged condition, after having been received by the carrier in good condition, cannot be enforced if it is shown that the claim was not filed, or if it appears from the declaration of the plaintiff, or from the proof under a plea of the defendant that the time for the bringing of the suit had expired. While it has reference to both the right and the remedy of obtaining a recovery for the loss or damage sued for, there is neither a requirement in the Carmack Amendment, and subsequent amendments thereto, nor in the bill of lading for pleading the performance of these conditions in order to state a prima facie case under Section 1464, supra, of our statutes on pleading, or otherwise. If such

a requirement be deemed proper and reasonable in an action in tort, it could have been placed in the bill of lading, since this Federal statute as uniformly construed by the courts permits a carrier of an interstate shipment to impose any reasonable condition as to the right to maintain a suit for loss or damage in connection therewith. But, as hereinbefore stated, it is the filing of the claim and not the pleading of such filing that affords the time and opportunity to investigate the same.

We are, therefore, of the opinion that the action of the trial court in overruling the demurrer to the amended declaration, and in awarding judgment upon failure of the defendant to plead further was correct, and that the cause should, therefore, be affirmed.

Affirmed.