R. L. WILLIAMS, *et al.*, RECEIVERS, *Plaintiffs in Error*, v. J. R. PRINGLE, *Defendant in Error.*

1. A declaration in an action at law should by direct allegations or by fair inference from its direct allegations contain all the essentials of a cause of action.

2. In the action for the burning of property by sparks from a railroad engine, allegations that "divers sparks and brands of fire were, through the carelessness and negligence of defendants allowed and suffered to escape from said engine and to set fire to the mill of plaintiff" and "that because of, and as a direct result of the negligence and carelessness of defendants" said mill was burned, are sufficient statements of ultimate facts showing that the injury complained of was a proximate result of the negligence alleged.

3. Relevant testimony is not subject to a motion to strike.

4. A demurrer to evidence is properly overruled when liability of defendant may fairly be inferred from the facts stated in the demurrer to the evidence.

5. Where the evidence is conflicting and there is evidence to sustain the verdict, and it does not appear that the jury were not governed by the testimony in rendering the verdict, and no errors of law are shown the judgment entered in accordance, with the pleadings and the verdict will be affirmed.

This case was decided by Division A.

Writ of Error to the Circuit Court for Nassau County.

The facts in the case are stated in the opinion of the court.

*Geo. P. Raney, H. J. Baker* and *Fleming & Fleming,* for Plaintiffs in Error;

*Bryan & Bryan* and *B. B. Shields,* for Defendant in Error.

WHITFIELD, C. J.—This writ of error was taken to a judgment against the receivers of the Seaboard Air Line Railway, awarding damages for a saw mill and other property of Pringle destroyed by fire caused by sparks from an engine running on the railroad operated by the receivers.

The negligence alleged in one count is that "divers sparks and brands of fire were, through the carelessness and negligence of defendants, their agents and servants, allowed and suffered to escape from said engine and to set fire to said mill of plaintiff; that because of, and 'as a direct result of the negligence and carelessness of defendants, their agents and servants, said mill, &c. were burned. In the other count it is alleged "that defendants, their agents and servants, negligently, carelessly and recklessly failed and neglected to have in said engine spark arrester so arranged as to prevent the escape of sparks and cinders from its smokestack," and that "divers sparks, cinders and brands of fire were, through said carelessness and negligence of defendants, their agents and servants, allowed and suffered to escape from said smokestack and to set fire to said mill of plaintiff; that because of, and as a direct result of the negligence and carelessness of defendants, their agents and servants, said mill, &c." were burned.

On a demurrer to the declaration, it is contended that actionable negligence is not stated in that the allegations do not sufficiently charge negligent acts of the defendants' agents that proximately caused the injury.

A declaration in an action at law should by direct allegations or by fair inference from its direct allegations

contain all the essentials of a cause of action. When negligence is the basis of recovery, the declaration should contain allegations of the negligent act or omission complained of, and also allegations of the injury sustained, and of facts showing that such injury was a proximate result of the negligence alleged. German-American Lumber Co. v. Brock, 55 Fla., 577, 46 South. Rep., 740.

The allegations that sparks of fire were, through the negligence of defendants, allowed and suffered to escape from the engine and to set fire to the mill, are not so direct and positive as would be allegations that the defendants negligently allowed sparks of fire to escape from the engine and to set fire to the mill; but the language used is sufficiently certain to state a negligent act of the defendant. See Benedict Pineapple Co. v. Atlantic Coast Line R. R. Co., 55 Fla., 514, 46 South. Rep., 732, 20 L. R. A. (N. S.) 92.

The allegations "that because of, and as a direct result of the negligence and carelessness of defendants, their agents and servants, said mill" &c. were burned, do not specifically designate the particular negligence and carelessness of defendants that the burning of the mill was "a direct result of", but taken in connection with preceding allegations, it may fairly be inferred that the burning of the mill was "a direct result of the negligence and carelessness" of the defendant's servants as alleged in allowing sparks of fire to escape from the engine operated by them. The allegations that because of and as a direct result of the negligence of defendants, said mill was burned, are sufficient statements of ultimate facts showing that the injury complained of was a proximate result of the negligence alleged. The demurrer to the declaration was properly overruled.

A trial was had on pleas of not guilty, that the plain-

tiff was not the owner of the property burned, and that the injury was caused by the default and negligence of the plaintiff and not by the default and negligence of the defendant. This last plea was in effect embraced in the first plea of not guilty.

Several witnesses testified to the passing of the train and the emission of sparks from the engine while it was passing near the mill, but they could not state where the train was from or where it was going. The defendants moved to strike the testimony of two witnesses and "to strike out that part of" the testimony of one witness "as a variance from the declaration that the train was passing from Fernandina to Baldwin." The testimony being relevant was not in whole or in part subject to a motion to strike because of variance. If it were essential to prove from and to what points the train was running, it could be done by other evidence, and the want of knowledge on the subject by these witnesses did not affect their testimony in so far as it was proper.

A witness testified that he understands the train runs from Fernandina to Baldwin and is a schedule train; that it was a schedule train when he worked on the road four years before; and that since then he has lived near the track. This testimony appears to have been then objected to on the ground merely that it was inadmissible. It is apparent that this objection, even if made in time, is not tenable for the testimony obviously has some relevancy to the issues.

It is alleged that the train was operated from Fernandina to Baldwin, and passed the point of injury about 2 a. m., and there was evidence that the train causing the injury ran on a regular schedule, therefore the testimony was not apparently immaterial.

The following demurrer to the evidence was interposed and issue joined thereon :

"J. R. Pringle,
        vs.
S. Davies Warfield, R. Lancaster Williams, and E. C. Duncan, Receivers of Seaboard Air Line Railway, etc.,

Come now the defendants and demur to the evidence of the plaintiff herein, and admit that the evidence shows that on the night of March 3, 1909, two boys were engaged in watching the mill, which was being operated by plaintiff, between the hours of eight and twelve o'clock, and that the only fire which was in the mill was some red coals in the fire box which were extinguished by the boys by throwing water on them before leaving; that at about two o'clock on the morning of the 4th of March, 1909, a train was heard and seen on the tracks of the Seaboard Air Line Railway, going south, and that the engine threw out sparks and that such sparks went on the saw mill being operated by plaintiff; that G. W. Riles testified that there was on March 4, 1909, a through train No. 19, of the Seaboard Air Line Railway, from Fernandina to Baldwin that passes Crawford at or about two o'clock in the morning; that the northbound or return trip train No. 20, passed Crawford about 6 o'clock on March 4, 1909, that plaintiff had been operating this particular mill for about two years; and that he had since moved it off of the right of way of the railroad company without objection; that on or about March 3rd, 1909, at the time of the fire, the plaintiff had in, on or about this particular mill the things shown in the bill of particulars,

and that those things cost originally, when they were new and unused, the following:

One 10 x 14 cylinder Peerless engine on boiler on wheels $1100.00; one No. 3 H. & D., wire cable saw mill, 40' carriage, 100' ways, 5 head blocks, all fittings complete, $750.00; one 54" inserted tooth saw, $80.00; 78' 12" 6 ply Gandy belt; $65.00; one three saw edger with inserted tooth saws, $185.00; one 36" butting saw, one mandrel with boxes and pulley, shafting, belting, pulleys, boxes complete for above edger and butting saw rig, $200.00; one hand feed shingle machine with two 40" saws; one knot saw machine, shafting, pulleys, belting, boxes, etc., to complete above, ready for running, one gummer and emery wheel, $400.00; two shingle packers, $10.00; saw mill tools and other extras, not including oil, $282.60; 10,000 feet of lumber at $11.75, 10,000 feet of lumber at $10.50, 20,000 cypress shingles at $3.00; that the machinery, pulleys, belts, tools, etc., above enumerated, not including 20,000 feet of lumber and 20,000 shingles, were connected up and used in connection with the mill; that the plaintiff saved the 10 x 14 cylinder Peerless Engine on boiler and boiler on wheels; that the plaintiff received an allowance of $450.00 for said engine and boiler and boiler on wheels in a trade; that he spent about $200.00 repairing the engine and boiler; that it would now be worth about $500.00; that the plaintiff heard the Seaboard was on March 4th, 1909, in the hands of Receivers, and that plaintiff counted the 20,000 shingles.

Defendants further admit all the legal and logical deductions to be derived from the testimony.

MATTERS OF LAW TO BE ARGUED.

1. That there is no testimony to show the defendants

were operating a train running from Fernandina to Baldwin, which passed the plaintiff's mill about 2.00 A. M. on March 4th, 1909.

2.   That these defendants have not been connected with the alleged injuries.

3.   That there is no evidence that the train alleged to have set the fire was operated from Fernandina to Baldwin.

4.   That it has not been shown that these defendants were on March 4, 1909, in possession, control and had the management of as Receivers of Seaboard Air Line Railway of a railroad track extending from Fernandina, Nassau county, Florida, to Baldwin, Duval county, Florida.

5.   That it has not been shown that these defendants on said March 4th, 1909, were operating an engine and train of cars attached thereto along a certain railroad track the property of Seaboard Air Line Railway extending from Fernandina, in Nassau county, Florida, to Baldwin, in Duval county, Florida."

Error is assigned on the order overruling this demurrer.

It is alleged in the declaration that the defendants "were operating the train from Fernandina to Baldwin" and it is contended that the demurrer to the evidence does not show these allegations to have been proven. The allegations that the defendants were operating the train and that it was being run from Fernandina to Baldwin are not description of the negligence charged, and even if such allegations are put in issue by the plea of not guilty, there was at least some evidence in the pleadings and proofs in support of both allegations. The demurrer to evidence is filed by the receivers as defendants in this action. In overruling the demurrer to the evidence no error was committed.

The errors assigned on charges given and refused have been carefully considered and no reversible error therein is made to appear.

There is unimpeached positive testimony that a train passed near the burned property as alleged, and emitted sparks thereon, and that the property burned soon thereafter. The defendants produced written reports of their employees showing that the train alleged to have been run on the night stated was annulled and did not run. Conflicts in the evidence were settled by the jury. There is evidence to sustain the finding, and the verdict is not against the manifest weight of the evidence. It does not appear that the jury were not governed by the testimony in rendering their verdict, and no errors of law are shown.

The judgment is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.