PROVOSTY, J.
Alexis Ribet, the old suisse or beadle of the cathedral here in New Orleans, left a succession of more than $75,-000, and the following clause in his will:
*573 “Je donne & la commune de Castelbiague haute Garonne France, pays de ma naissance, la somme de cinquante mille francs, 50,000.00 fr. je desire que' ce fonds soit placé en rente d’État Frangais ti perpetuité par le maire et le conseil de la dite commune et qu’ils en distribuent le revenu annuel aux Castelbiageois qui auront eprouvé des revers, qui auront serví la France, ou mené une conduite exemplaire.”
Translated:
.“I give to the commune of Castelbiague Haute Garonne, France, the country of my birth, the sum of fifty thousand, francs. I desire that this sum be invested in perpetuity in bonds of the French government by the mayor and council of the said commune, and that they distribute the annual revenue of it to the Castelbiagians (i. e., inhabitants of Castelbiague) who shall have met with reverses, who shall have served France, or been of exemplary conduct.”
The matter comes up on a rule taken by the executor on the inheritance tax collector and on the attorney for absent heirs to show cause why the inheritance tax should not be fixed on the said legacy.
The act levying said tax (Act 109, p. 173, of 1906) provides that it is levied “solely for the support of the public schools”; that it is levied “on all inheritances, legacies and other donations mortis causa”; and that it “shall not be imposed on any inheritance, legacy or other donations mortis causa to or in favor of any * * * educational, religious or charitable institution.”
The contention is that the said legacy is not required to be devoted to educational, religious, or charitable purposes, and therefore is subject to said tax. And, in the event that contention is held not to be well founded, then the further contention is that the educational, religious, and charitable institutions to which said act has reference are exclusively those operating in this state, for the benefit of the people of this state.
We have no difficulty in concluding that the first of these contentions must be sustained ; and, as it disposes of the ease, the examination of the second is unnecessary, and we spare ourselves the trouble of it. We are requested to give ourselves this unnecessary trouble because it will be decisive of other cases pending which involve no other question. But we might have to reverse ourselves after having heard counsel in these other cases; and, besides, sufficient for the day is the evil thereof.
The French word “revers” in the clause “qui auront eprouvé des revers” (who shall have met with reverses), might have been intended to mean misfortunes of any kind, and not necessarily reverses of fortune; and not all those who meet with reverses of fortune are necessarily poor, and objects of charity. But, conceding, argument! gratia, that the intention was by that clause to designate |the poor, so that the disposition would read “to the inhabitants of Castelbiague who shall be found to be poor, who shall have served France, or who shall have been of exemplary conduct,” still the legacy would not be -for “educational, religious or charitable purposes,” as its beneficiaries migjit in the discretion of the major and council of Castelbiague, be either the poor or the persons (men, women, or children) who had served France, or the persons (men, women, or children) who had been of exemplary conduct.
The learned counsel for the legatee contends that the comma between the clause “who shall have met with reverses” and the clause “who shall have served France” stands for an “and”; so that the disposition must be understood, as if it read, “who shall have met with reverses and shall have served France, or shall have been of exemplary conduct.” But where the conjunction is omitted between words or clauses in the same grammatical construction, except between the last two of the series, and its place is supplied by a comma, the comma necessarily stands for the same kind of conjunction as that which is finally inserted. In the sentence, for instance, “John, James, or William, *575 ate the apple,” the comma necessarily stands for an “or.” And so in the sentence “I order the apple to be given to John, James, or William,” the comma riecessarily stands for an “or,” and cannot possibly stand for an “and.”
Learned counsel invoke article 1713 of the Code, to the effect that:
“A disposition must be understood in the sense in which it can have effect, .rather than in that in which it can have none.”
That would be a very strong argument, if the adoption of this grammatical construction had the effect of impairing the validity of the will; but it does not have that effect. The legacy remains perfectly valid. Only, it being made to ordinary persons, and not to a charitable institution, it is held to be subject to the said tax.
The argument is also made that the de cujus would never have thought of making his legacy in favor of those who had served Prance, or whose conduct had been exemplary, unless these were also poor; that he would never have thought of making his legacy to tlie rich; and that, therefore, the disposition' must be understood as if it read, “to the poor who have served Prance, or whose conduct has been exemplary.”
Whatever plausibility there may be in this argument, it cannot override the letter of the will, construed according to well-recognized grammatical rules.
The judgment appealed from is therefore set aside, and it is now ordered, adjudged, and decreed that Emile Pomes, testamentary executor of the succession of Alexis Ribet, pay to Thomas Connel, clerk of court, and ex officio collector of inheritance tax, 5 percent. on the 50,000 francs legacy to the commune of Castelbiague, and, out of the same legacy, pay the costs of the present appeal.