THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES v. RAYMOND L. McKEITHAN.

160 So. 883.

Division A.

Opinion Filed March 25, 1935.

Rehearing Denied April 30, 1935.

*A. P. Drummond* and *E. C. Maxwell,* for Plaintiff in Error;

*Cecil A. Rountree,* and *James N. Daniel,* for Defendant in Error;

PER CURIAM.—This suit was one wherein judgment was rendered against plaintiff in error in a suit at law to recover monthly payments ·for alleged total and presumably permanent disability alleged as preventing plaintiff below from engaging in any occupation for remuneration or profit. The major question presented is the sufficiency of the evidence as to disability to support a recovery.

The policies sued on were made part of the declaration and show the nature of the agreement to be one whereby the insurance company became liable when it was alleged and duly made to appear that the insured had become presumably permanently disabled within the description of a presumably permanent disability as that phrase is employed in the policies sued on, under the heading "Total and Permanent Disability." The policies sued on provided as follows:

"TOTAL AND PERMANENT DISABILITY.—Upon receipt of due proof as hereinafter provided that the Insured, while this policy was in force and no premium hereunder in default, became totally disabled *as hereinafter defined* due to bodily injury or disease before the anniversary of the Register date of this policy upon which the Insured's age at nearest birthday is 60 years and that such Total Disability has existed continuously for at least four months, the Society will, subject to the conditions set forth below, presume such Total Disability to be permanent and" (Emphasis supplied). * * * .

"(b) PAY TO THE INSURED for the fourth and each subsequent completed month of such Total Disability during its continuance THE MONTHLY DISABILITY INCOME stated on the first page hereof, provided, however, that no income shall be payable for any period of total disability more than one year prior to receipt·at the Home Office of the Society of written notice of claim. The first payment hereunder shall be made upon receipt of such due proof and an additional payment upon the completion of each additional month of such total disability during its continuance." * * *

"DEFINITION. Disability is total when it prevents the Insured from engaging in any occupation for remuneration or profit."

The rule in Florida is that a declaration is sufficient which contains all esesntials of a cause of action whether by direct allegations or by fair inference from the direct allegations Chase v. Atlantic Coast Line R. R. Co., 94· Fla. 922, 115 Sou. Rep. 185; Williams v. Pringle, 61 Fla. 485, 54 Sou. Rep. 452. We find the declaration in this case well within the rule just stated.

The sufficiency of the evidence to support the verdict was raised by a motion for a directed verdict for the insurance company and by a motion for a new trial, both of which were denied. After a complete review of what appears in the transcript, this Court cannot say that within the rule controlling that subject in this Court, a new trial should be awarded by it on the insufficiency of the evidence to support the verdict returned which has had the approval of the trial judge in the court below.

Total disability as used in a policy of insurance like that here considered does not mean a state of absolute helplessness. It means inability on the part of the insured to do substantially all of the material acts necessary to the in-

sured's engaging in any occupation for remuneration or profit, taking into consideration his mental and physical capacities so to do if he so wished. See Note to 51 A. L. R. 1048, and cases cited. Under the language of the policies the presumption of permanence attaches to a proven total disability after it has existed continuously for at least four months. The insured is contractually entitled to the benefit of such presumption in aid of recovery until the insuror succeeds in overthrowing such presumption in the manner provided for under the heading "Recovery from Disability" which reads as follows:

"RECOVERY FROM TOTAL DISABILITY. The Society shall have the right at any time during the first two years after receipt of such proof, and thereafter once a year, to require proof of the continuance of such Total Disability. If satisfactory proof is not furnished, *or if it appears at any time* that such total disability has terminated, no further premiums will be waived and no further Disability Income payment will be made on account of such total Disability." (Emphasis supplied.)

Other propositions argued have been considered but no special comment is found to be necessary with reference to same. We have found no reversible error in the refusal of the special charges requested nor in the rulings on the admissibility of evidence.

Judgment affirmed.

The question of the invalidity of the policies sued on, argued by counsel is not before us for consideration as it is not presented by the pleadings.

Judgment affirmed.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.