THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES v. RAYMOND L. McKEITHEN.

178 So. 127.
Division B.
Opinion Filed January 7, 1938.

*E. C. Maxwell* and *A. P. Drummond,* for Plaintiff in Error;

*Cecil A. Rountree* and *James N. Daniel,* for Defendant in Error.

BROWN, J.—Appellee, Raymond L. McKeithen, brought an action against the plaintiff in error on two insurance policies issued in 1931 for monthly disability income payments and recovered a judgment, which was affirmed by this Court; the only plea in that case being a plea which denied the total and permanent physical disability alleged in the declaration.

Later the insured brought this action on said policies, alleging the facts and setting up the pleadings and judgment in the first action and alleging that a contractual presumption was established by the first action that the disability mentioned in the first action had continued up to the time of the filing of the second action, and that the defendant insurance company had refused to make payments therefor. By pleas in this action the defendant undertook to set up fraud in the procurement of the policies, which alleged fraud was admittedly known to the defendant, as frankly stated in the plea, at least three days before the trial of the first action, but which was not set up by any plea in that action; that defendant did attempt to adduce evidence of such fraud on said previous trial, but was not permitted to do so by the court because not within the issues made by the pleadings.

One of these pleas of fraud filed in this action sets up that the written application made by the plaintiff for the insurance, after inquiring about specified diseases, propounded the question: "Have you had any other ailment or injury not mentioned above?" to which the plaintiff answered fraudulently, "no," with intent to deceive the defendant, when in fact the plaintiff knew that in the year 1918 or 1919 when he was in the United States Army, he had an attack of influenza "so severe that about the year 1929 he made an application to the United States Government for a pension because of said illness and the alleged disability resulting therefrom," and the plea further alleged that the defendant had no knowledge or notice of the falsity of the answer until three days before the trial of the first action.

The other plea filed in this second action also alleged fraud in the procurement of the policies in that the insured answered "No" to this question in the application for in-

surance: "Have you ever made claim for sickness, accident, or pension benefits? (Give dates, causes and companies)" with intent to deceive and mislead the defendant when he well knew that in or about the year 1929 he made application to the United States Government for pension benefits.

The plaintiff's demurrer to these pleas was sustained by the court, and defendant appeals.

The main question to be decided may be framed thusly: Can a defendant, when sued on a contract, file a single defense which recognizes the validity of the contract, and then, after judgment is entered against the defendant in that action, in a second action on the same contract plead that the contract is invalid on account of fraud in its procurement, when the facts constituting the alleged fraud where known to the defendant before the day of the trial in the first action?

Another question argued is: Were these pleas sufficient to show fraud in the inducement, even if they had been pleaded and proved in the first action? As the first question must be answered in the negative, we need not discuss the second.

We are of the opinion that the lower court was correct in sustaining the demurrer to the defendant's pleas. Although the question of the validity of the insurance contract was not questioned nor directly put in issue in the first suit, the judgment in that suit established the insurance company's liability on the contract, and by necessary implication the validity of the contract; and after having recognized the validity of the contract in the first suit the insurer cannot now deny its validity.

There are a number of Florida cases that have been called to our attention by counsel for plaintiff and defendant. These cases deal with the doctrine of "Estoppel by Judg-

ment" and *"Res Adjudicata."* Although our attention has not been called to any case similar to·the one under consideration; it may be well to review the Court's attitude in regard to these doctrines and apply those principles to the present case.

In the case of Prall v. Prall, 58 Fla. 496, 50 So. 867, this Court was considering whether a decree dismissing a bill in a former suit for divorce sought on the grounds of "habitual indulgence .by defendant in violent and ungovernable temper" was conclusive and would be *res adjudicata* in a subsequent divorce suit between the same parties on the grounds of "extreme cruelty by the defendant to complainant," and of "willful, obstinate and continued desertion of the complainant by the defendant for one year." Mr. Justice WHITFIELD, speaking for the Court, said:

"Where the second suit is upon the same cause of action and between the same parties as the first, the final judgment in the first suit upon the merits is conclusive in the second. suit as to every question that was presented or *might have been presented* and determined in the first suit. When the second suit is upon a different cause of action, but between the same parties as the first, the judgment in the first suit operates as an estoppel in the second suit only as to every point and question that was actually litigated and determined in the first, and the first judgment is not conclusive as to other matters that might have been, but were not litigated or decided. The test of the identity of causes of actions, for the purpose of determining the question of *res adjudicata,* is the identity of the facts essential to the maintenance of the actions. It is of the essence of estoppel by judgment that it be made certain that the precise facts were determined by the former judgment. If there is any uncertainty as to the matter formerly adjudicated, the burden of showing it with sufficient certainty by the record or ex-

trinsically is upon the party who claims the benefit of the former judgment. Fulton v. Gesterding, 47 Fla. 150; Harrison v. Remington Paper Co., 140 Fed. 385; Powell v. Smith, 102 N. W. 1; Draper v. Medlock, 50 S. E. 113; Russell v. Place, 94 U. S. 606; etc."

Mr. Justice TERRELL, speaking for the Court in the case of Gray v. Gray, 91 Fla. 103, 107 So. 261, quotes the following from Cromwell v. County of Sac, 94 U. S. 351:

"It should be borne in mind that there is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action; but, where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered."

The Gray case was an action in ejectment. The title to the land in question had already been decided, in a previous suit in chancery between the same parties, to be in the plaintiff. The court held that the final decree in the former suit operated as an estoppel or bar to the defenses offered by the defendant in the second suit.

In the case of Hay v. Salisbury, 109 So. 617, this Court held in substance that a decree in a suit to remove claims under contracts as clouds on title was *res adjudicata* in a subsequent suit to enforce specific performance of contract, as any claims under the contracts could have been litigated in the former action. The opinion also adopts the rule found in 15 R. C. L. 963: "When the second suit is between the same parties as the first and on the same cause of action,

the judgment in the former is conclusive in the latter, not only as to every question that was decided, but as to every other matter which the parties might have litigated and had determined within the issues as they were made or tendered by the pleadings or as incident to or essentially connected with the subject matter of the litigation, whether the same, as a matter of fact, were or were not considered. As to such matters, a new suit on the same cause of action cannot be maintained between the same parties. This rule applies to every question falling within the purview of the original action, both in respect to matters of claim and defense, which could have been presented by exercise of due diligence."

In the case of White v. Crandall, 143 So. 871, this Court held that in an action on notes, that a plea of "false oral representations" antedating conveyance was bad because "the defendant is estopped from setting up the attempted defense by reason of the decree in a former foreclosure suit in which the same defense was available to him, and the facts constituting it were known to him. See Mattair v. Card, Adm'r, 19 Fla. 455; Hay v. Salisbury, 92 Fla. 446, 109 So. 617; Huddleston v. Graham, 73 Fla. 350, 75 So. 414."

It will be noted that the above cases bear little similarity to the present case under consideration. Here, though we may say that there are two causes of action, the one in the second suit being distinct from the one in the first, they both are based upon and arise out of the same contract, and as the insurer's liability under the contract, and hence the validity of the contract, was established in the first action, it could not be disputed between the same parties in the second action.

· The Missouri Court has handled the situation in a similar case, Boillot v. Income Guaranty Co., 102 S. W. (2d)

132, Text 138, by holding that the two causes of action are the same, and saying:

"Here the causes of action are not different, but they are the same. The instant suit is not on a different claim or demand from that in the former suit, but is on the same claim and demand. The plaintiff in this case is suing for indemnities for loss of time from the same disability resulting from the same bodily injuries effected by the same accidental means as in the former suit. In the former suit he sued for and recovered indemnities up to January 11, 1933; and in the present suit he seeks to recover indemnities since January 11, 1933, from such date till September 11, 1935. The instant action is for continuing indemnities under the same policy or contract of insurance as that involved in the former suit. It is upon a continuing and recurring cause of action. The fact that it is for money not made the object of recovery in the former suit is immaterial (citing cases)."

Although we are not willing to go quite so far as the Missouri Court in saying that the two causes of action are the same, we are convinced that where a suit is upon the same contract, and the validity of the contract has been decided, by necessary implication, in the former suit, and the rights of the parties have been established under the contract in that case, neither party can attack the validity of such contract in a subsequent suit thereon between the same parties.

Mr. Justice FIELDS in the case of the New York Life Ins. Co. v. Bangs, 26 L. Ed. 608, states the doctrine that:

"When an action at law is brought upon a contract, the defendant denying its obligation, either from fraud, payment or release or any other matter affecting its original validity or subsequent discharge, must present his defense for consideration. A recovery is an answer to all future

assertions of the invalidity of the contract by reason of any admissible matter which might have been offered to defeat the action. The contract is merged in the judgment. Cromwell v. Sac Co., 94 U. S. 351."

This case was upon an insurance contract.

The West Virginia Court in the case of Snodgrass v. Snodgrass (1937) 189 S. E. 137, although considering a little different situation, expressed their views thus:

"Defendant has no right of election to interpose matters of defense singly and take separate successive trials and adjudications thereon, and, by allowing a cause to be decided without having set up a defense, he is deemed to have waived all matters so withheld."

Let us now consider the attitude of the text books and encyclopedias on the subject. In 34 C. J. 944, we find:

"When the existence and validity of a deed or other contract is adjudicated, either by being put in issue or tried, or in the sense of being necessarily determined by a judgment enforcing the contract, or refusing to set it aside, the question is conclusively settled for the purposes of all further litigation between the same parties, and this rule applies even though that issue was not raised in the action, since in that case the judgment necessarily implies a finding that the cause of action was valid and enforceable."

Again on page 860 C. J. Vol. 34, we find:

"Fraud by which defendant was induced to enter into a contract sued upon, or otherwise tainting plaintiff's cause of action, is a defense which must be set up when defendant has an opportunity to plead it; if not asserted in due time, it will be barred by the judgment, and cannot be set up as a defense to a second action or be made the basis of a subsequent suit by the defendant."

Vol. 34 C. J. page 844:

"A former judgment for plaintiff in one of a series of actions for money due by installments or other successive causes of actions, although not a bar to a subsequent suit, will be final and conclusive evidence as to all points and questions actually or necessarily litigated and determined by it, such as the validity of the contract sued on, and determines plaintiff's right to recover in a subsequent action on a like state of facts."

Vol. 34 C. J. page 856:

"It is a general rule that a valid judgment for plaintiff is conclusive not only as to defenses which were set up and adjudicated, but also as to those which might have been raised, so that defendant can neither set up such defenses in a second action or in further proceedings in the same action."

In R. C. L. Vol. 15, page 976, the following principle is stated:

"A judgment in a prior suit is deemed final and conclusive in subsequent litigation between the parties or their privies, as to those matters necessarily determined or implied in reaching the final judgment, although no specific finding may have been made in reference thereto, and even though it was not raised as an issue in the former action."

Again on page 1883 of Freeman's book on Judgments, 5th ed., Vol. 2, we find this same doctrine followed:

"Any defenses which might have been made are conclusively adjudicated by a judgment establishing the contract."

It is urged by the appellant that the case under consideration is brought upon a different cause of action and that consequently the judgment is only an estoppel as to those facts that were actually decided in the prior case. They claim that because they did not expressly by plea deny the

validity of the contract and as no issue was made of its validity, that they are not now estopped from denying it.

Even though this is a separate action for subsequently accruing installments, it is still an action on the same contract and for the same disability that was declared on in the prior action. The authorities quoted above seem to clearly state the principle that when a defendant is sued on an installment contract for the then past due installments, he must set up every defense that he has to the contract, for if judgment be rendered on the contract, the defendant cannot deny its validity in a later suit for subsequent installments. If we should decide otherwise we would be establishing a precedent for insurance companies to put up their defenses to contracts of this type by "piecemeal." Each time that a suit was brought on an installment they would be allowed to put up a new defense, to the contract. It is only just to the plaintiff that all defenses that exist at the time of the first action and are known to the defendant should be properly placed before the court for consideration.

The judgment in the first action being for all past due installments upon the contract, could only have been supported by a valid contract existing in full force until and including the latest period of time for which the payments were provided for therein. A judgment for the defendant in this second suit on the issue of fraud in the inducement of the contract would be tantamount to saying that the contract was inoperative during the time for which payment was recovered on it in the first action.

The Alabama Court has expressed the doctrine correctly in the case of John Hancock Mut. Life Ins. Co. v. Large, 162 Sou. 277:

"In a suit upon past due installments due under one and the same contract the general well-known rule at law is

that present recovery is limited to past due installments at the time of suit filed, but the judgment is pleadable as *res judicata of the original obligation,* and in suits for later installments defenses are limited to subsequent matters going to the continued existence of the obligation to pay the installments then in suit."

Any defense arising since the first suit can be pleaded in subsequent suits for installments, but the appellant cannot set up defenses that existed and were known to him at the time of the first trial and which he did not then take proper advantage of. It is alleged that defendant, relying upon its presumed right without special plea to show the defense by the testimony of the plaintiff himself, did endeavor to set up this defense in the first suit by evidence, but the trial court would not permit it, no plea having been filed setting up such defense. See Equitable Life Assurance Society v. McKeithen, 119 Fla. 486, 160 So. 883. The fact remains that this defense was not pleaded, and the defense denying the plaintiff's disability, which was the only one pleaded, impliedly admitted the validity of the policy, and judgment was rendered thereon in favor of the plaintiff.

The judgment below must therefore be affirmed.

WHITFIELD, P. J., and CHAPMAN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.