SWANN, Judge.
This appeal is from a final judgment rendered after the trial court directed a verdict for the appellee, James M. Albert.
The appellant claims that error was committed by the trial court in directing a verdict for the plaintiff at the close of all the evidence. We have reviewed the record on appeal and do not find that reversible error was committed in this regard. See New York Life Ins. Co. v. Bird, 152 Fla. 532, 12 So.2d 454 (1943) ; New England Mut. Life Ins. Co. v. Huckins, 127 Fla. 540, 173 So. 696 (1937); Equitable Life Assur. Soc. v. McKeithan, 119 Fla. 486, 160 So. 883 (1935) ; Equitable Life Assurance Society of U. S. v. Neill, 243 F.2d 193 (5th Cir. 1957); and Blaustein v. Connecticut General Life Insurance Co., 207 F.Supp. 223 (D.D.C.1962).
Appellant’s last two points are directed toward the alleged error of the trial court in awarding attorney’s fees under the authority of Fla.Stat. § 627.0127, F.S.A. The order fixing the amount of attorney’s fees reflects that it was based on the sworn testimony of two local attorneys who were *81 members of the Dade County Bar Association. No record of their testimony or of any evidence submitted at the hearing on attorney’s fees has been presented to this court. We are, therefore, unable to say that the trial court committed reversible error in this regard. See Wilder v. Altman, Fla.App.1965, 179 So.2d 250; Pence v. Ennis, Fla.App. 1964, 163 So.2d 330; and Pan American Metal Products, Inc. v. Healy, Fla.App. 1962, 138 So.2d 96. The final judgment herein appealed be and the same is hereby
Affirmed.