## DeMARCO v. SCHUBERT, et al.

### Case No. 84-1078 AP

Fifteenth Judicial Circuit, Palm Beach County

January 23, 1985

### APPEARANCES OF COUNSEL

**James M. Painter** and **Edna L. Caruso** for appellants.

**Curtis L. Witters** and **John R. Young** for appellees.

### OPINION OF THE COURT

VAUGHN J. RUDNICK, Circuit Judge.

This case involves an appeal from a final judgment providing for the eviction of Robert L. DeMarco and DeMarco Brothers, Inc., who were the Defendants in the trial court, from property jointly owned by the Plaintiffs, Carol Sue Schubert and Cheri Leonhardt.

This court reverses the final judgment entered by the trial court for the reason set forth below.

Point Two on appeal addresses the affirmative defense of estoppel; the appellants phrasing the point as follows:

"The trial court erred in failing to find that plaintiffs were estopped to seek eviction after recovery for non payment of rent under the lease."

The appellees' version of Point Two is:

"Whether there was competent substantial evidence in the record to support the finding of the trial court rejecting the estoppel defense of the defendants."

Under either version of Point Two, the legal question for resolution is one of estoppel by judgment.

In June of 1976, Robert L. DeMarco, as owner of the warehouse premises in question, entered into a written lease with DeMarco Brothers, Inc., for a month rental of $200 for a term of fiteen years, with an option to renew for an additional ten years. This lease was not recorded until May of 1983.

Robert L. DeMarco was the sole officer and shareholder of the corporate Defendant, DeMarco Brothers, Inc., which was occupying the property. The lower court found, based upon the evidence submitted to it, there was no reason for either plaintiff/appellee to conclude the corporate defendant/appellant enjoyed any possessory right in the property which was open, visible and exclusive of that enjoyed by Robert L. DeMarco in his individual capacity.

The transcript of the trial proceedings reflects sufficient evidence upon which this finding of fact was based which will not be disturbed in this appellate proceeding.

At the time both plaintiffs/appellees took their respective titles to the property in question, the record title clearly provided both plaintiffs/appellees with notice of the fact Robert L. DeMarco owned the property in his individual capacity.

Plaintiff/Appellee, Cheri Lenhardt, took title to her one-half interest in the property by warranty deed dated June 14, 1976, and Plaintiff/Appellee, Carol Sue Schubert, obtained her one-half interest in the property by an execution sale on or about November 9, 1979.

In July of 1982, both plaintiffs filed a complaint (Case No. 82-5947) seeking eviction of the corporate defendant for the non payment of rent.

In October of 1982, the plaintiffs amended this complaint seeking eviction by adding Count Two, requesting also unpaid rent. The lease

118

in question was attached to both the original and amended complaints. Case No. 82-5947 has been affirmed on appeal and is *NOT* the case presently under consideration by this Appellate Court, but is relevant to the ultimate decision concerning estoppel by judgment which *IS* under consideration by this Appellate Court.

The Plaintiffs prevailed in Case No. 82-5947 as to the damage question for the non payment of rent and the final judgment dated April 11, 1983, awarded Cheri Leonhardt $8,200, and awarded Carol Sue Schubert $4,000. The final judgment in that case specifically found:

"The Defendant, DeMarco Brothers, Inc., has possession of a warehouse building . . . pursuant to a written lease dated June 2, 1976."

Count One, which sought eviction for the non payment of rent was disposed of by way of summary judgment in favor of the corporate defendant because of an inappropriate notice pursuant to the eviction statutes. The judgment in favor of the plaintiffs was paid and satisfied April 15, 1983.

The corporate defendant continued to pay rent through the months of April and May, 1983, which payments were accepted by plaintiffs, but the corporate defendant's subsequent rental payments for the months of June and July, 1983, were returned; the plaintiffs claiming the defendant's tenancy was one of month to month and would terminate May 31, 1983 because of the failure of the lease to be recorded in the public records prior to the plaintiffs purchasing their interest in the real property. See Florida Statute 695.01.

The plaintiffs then instituted this law suit seeking to evict the defendants, alleging they were tenants at will. The defendants raised several defenses, but the one this court addresses is that of estoppel which arose because of the action taken by the plaintiffs in Case No. 82-5947.

Before the trial court in the instant case, the attorneys argued to the trial judge whether Case No. 82-5947, supra, was based upon the lease in question, or, whether it was a law suit for reasonable rent and the lease was only offered into evidence and referred to, to establish what a fair rental value of the premises would be.

When one reviews the transcript of the proceedings in Case No. 82-5947, its pertinent pleadings and final judgment, all of which has been made a part of this appellate record, the conclusion is clear that suit was based on, tried, resolved, appealed and affirmed, upon the basis of the existence of the lease in question.

**119**

It appears the lower court, in addressing the estoppel defense raised and litigated by the appellants, relied upon the doctrine of estoppel in pais and the law relating thereto.

Before a party may successfully rely upon estoppel in pais as a defense, it must be shown that:

1. "Words and Admissions, or conduct, acts and acquiescence, or all combined, causing another person to believe in the existence of a certain state of things;

2. In which the person so speaking, admitting, acting and acquiescing, did so willfully, culpably or negligently;

3. *By which such other person is, or may be induced to act, so as to change his own previous position injuriously.*" (emphasis supplied)

See *Miami Gardens v. Conway*, 102 So.2d 622 (Fla. 1958) and *Boynton Beach State Bank v. Wythe*, 126 So.2d 283 (Fla. 2d DCA 1961).

As the appellants presented no evidence showing an injury or change of position in reliance upon the appellees' filing and recovering the rent due them in Case No. 82-5947, the trial court ruled the affirmative defense of estoppel failed.

The appellants have contended throughout this litigation, since the appellees in the prior suit took the position they were entitled to the rent due under the lease, received and collected a judgment to recover past rent, they are estopped from asserting in the later suit unenforceability of the lease.

In support of their position, they cited *United Contractors, Inc. v. United Construction Corp.*, 187 So.2d 695 (Fla. 2d DCA 1966) for the proposition, where a party assumes a certain position in a legal proceeding and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position. This case recognizes the principle of equitable estoppel, or estoppel in pais, will preclude a person from changing a position he asserted at a prior time when the change of position would prejudice another person who has acted in reliance on it.

It is estoppel by judgment which is applicable in the case under consideration. This principal of law prohibits identical parties from relitigating issues that have previously been decided between them. The essential elements of the doctrine are, the parties and issues be identical and the particular matter upon which the judgment was rendered be fully litigated and determined by a final decision of a court of

120

competent jurisdiction. *Mobil Oil Corp. v. Shivin*, 354 So.2d 372 (Fla. 1977).

Under the circumstances of the instant case, the parties are identical but there are two separate causes of action. Each cause of action is based upon and arises out of the same contract - the written lease dated June 2, 1976.

The Florida Supreme Court in *Equitable Life Assur. Soc. v. Mc-Keithen*, 178 So. 127 (Fla. 1938), concluded:

"Where a suit is upon the same contract, and the validity of the contract has been decided, by necessary implication, in the former suit, and the rights of the parties have been established under the contract in that case, neither party can attack the validity of such contract in a subsequent suit between the same parties."

In a more recent decision, the Third District Court of Appeal, in *Fininvest U.S. Incorporated v. Doss, Lynch & Castro, P.A.*, 458 So.2d 325 (Fla. 3rd DCA 1984), arrived at the same conclusion. The court found where the appellants recovered damages in a federal proceeding upon a liquidated damage provision of a real estate purchase contract, the judgment in that proceeding "necessitated an obvious finding of a valid contract." The court held, since the appellants made that election in the first proceeding, they will not later be allowed to assert in a subsequent proceeding in state court that the contract is invalid.

It is clear the judgment rendered in the prior suit, Case No. 82-5947, was based upon, tried, resolved, appealed and affirmed, on the basis of the existence of the written lease. This court concludes that judgment necessitated the finding of a valid lease. Therefore, the doctrine of estoppel by judgment bars a consideration of the validity of the lease in this subsequent action for eviction. It is

ADJUDGED that final judgment entered by the trial court is reversed, unless a petition for rehearing is filed and if filed, disposed of.