414 So.2d 1167 (1982)
EMERY AIR FREIGHT, a Delaware Corporation Authorized to Do Business in the State of Florida, Appellant,
v.
Alex CORNIL, Appellee.
No. 81-738.
District Court of Appeal of Florida, Fifth District.
June 9, 1982.
*1168 S. Edward Groot of Druck & Groot, Ocala, for appellant.
Charles Ruse, Jr. of Charles Ruse, Jr., P.A., Ocala, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Emery Air Freight appeals from a judgment in favor of Cornil for damages to a shipment of chocolate consigned to Cornil.
The goods were shipped by Emery from Belgium to Atlanta via New York. From Atlanta to Orlando, the goods were handled by Benton Brothers. From Orlando to Cornil's place of business in Ocala, the shipment was moved by Mr. Air Freight of Orlando, Inc.
The first question raised by Emery is whether the court erred in finding the goods were delivered in a damaged condition.
A carrier is liable under 49 U.S.C. § 11707 (1978)[1] for damages to goods transported by it unless it can show that the damage was caused by an act of God, the public enemy, the act of the shipper, public authority, inherent vice or the nature of the goods. Missouri Pacific R. Co. v. Elmore & Stahl, 377 U.S. 134, 84 S.Ct. 1142, 12 L.Ed.2d 194 (1964); Federated Dept. Stores v. Brinke, 450 F.2d 1223 (5th Cir.1971). If the goods leave the shipper's hands in good condition and arrive at their destination in damaged condition, a presumption arises that the carrier was negligent and responsible. The burden is then on the carrier to show both its freedom from negligence and that the damage was due to one of the excepted causes relieving the carrier of liability. Missouri Pacific R. Co., 84 S.Ct. at 1145.
Evidence concerning the condition of goods upon delivery was conflicting. The driver for Mr. Air Freight, who delivered the shipment, testified that he received the shipment in good order, that he unloaded all the cartons and did not observe any damage such as that on the cartons in evidence, that neither Cornil nor anyone else at the location made a complaint about the goods and that he witnessed Cornil's signature on the waybill. In contrast, Cornil and his son testified that at least half of the boxes were damaged and soiled, that some of the boxes, even those which appeared undamaged, contained broken glass jars, that the lids of other jars were opened and pieces of glass were inside the containers. Cornil further testified that the entire shipment was unfit for human consumption.
When a trial judge sits as a trier of the facts as is the case here and has an opportunity to observe the witnesses, their demeanor, candor or the lack of it, he must determine whether the testimony of such witnesses is worthy of belief. His determination will not be disturbed on appeal. See, e.g., Firstamerica Develop. Corp. v. County of Volusia, 298 So.2d 191 (Fla. 1st DCA 1974). Implicit in the final judgment in favor of Cornil is the trial judge's determination that the goods were delivered in a damaged condition. The evidence as outlined above was sufficient to support this determination.
*1169 The next question presented is whether the trial court erred in the assessment of a fifty percent penalty under sections 353.01 and 353.02, Florida Statutes (1981). The judgment awarded Cornil $7,568.42 and provided for the accrual of interest on the principal sum at the rate of fifty percent per annum.
Section 353.01 provides as follows:
All common carriers operating within this state when any person, his agent or attorney, files with, or presents to them, or any station agent of said common carrier, or where there is no station agent, upon any other agent of such common carrier, his claim for any freight, baggage or express lost or damaged by said common carrier, or for any overcharge made by such common carrier on any freight, baggage or express, or for any reciprocal demurrage, shall pay the said claim within sixty days from its filing with, or presentation to, said common carrier or any station agent, or other agent of such common carrier.
Section 353.02 provides in relevant part:
Should any common carrier fail to comply with the provisions of § 353.01 [pay claims within 60 days] then the said common carrier ... shall be liable to the claimant for the amount of his claim and fifty percent per annum interest on the principal sum....
In Fornel v. Florida East Coast Ry. Co., 65 Fla. 102, 61 So. 194 (1913), the supreme court held that a shipment of property cannot be regarded as both intrastate and interstate. It must be deemed and held to be one or the other. The court further held that the statutory interest penalty and attorney's fees provisions[2] (then chapter 5618) were confined to intrastate shipments. Fornel, 61 So. at 197. See also Allied Van Lines v. Brewer, 258 So.2d 496 (Fla. 2d DCA 1972), wherein the court held that sections 353.01 and 353.02 do not apply to interstate shipments.
The shipment in the present case was clearly interstate in nature. As sections 353.01 and 353.02 do not apply in this case, the judgment assessing the interest penalty must be REVERSED and the cause REMANDED for reconsideration under the applicable federal provisions.
AFFIRMED in part and REVERSED in part.
DAUKSCH, C.J., and COWART, J., concur.
NOTES
[1] The Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 20 (11), was recodified without substantive change at 49 U.S.C. § 11707 on October 17, 1978. Turner's Farms, Inc. v. Maine Cent. R. Co., 486 F. Supp. 694, 695 n. 1 (D.Me. 1980).
[2] In its brief, Emery has not challenged the award of attorney's fees to Cornil.