471 So.2d 1326 (1985)
In the Interest of S.C., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. BA-24.
District Court of Appeal of Florida, First District.
June 25, 1985.
*1327 Gary F. Joseph, Jacksonville, for appellant.
Jim Smith, Atty. Gen., Kent A. Zaiser, Asst. Atty. Gen., for appellee.
MILLS, Judge.
The parents of S.C. appeal from an adjudication that S.C. is a dependent child, and his placement in foster care. We affirm.
S.C. and his parents left Waterbury, Connecticut, in August 1983 and arrived in Jacksonville, Florida, in December of that year. In the interim, they resided in at least three other states. S.C. was then 21 months old and the parents' third child. A petition for dependency was filed on 29 February 1984. The parents' residence at the time of the petition was a motel room in Jacksonville.
The petition alleged six grounds for a declaration of dependency, briefly: (1) failure to provide stable environment, in that the family lived in a motel room and the parents, both unemployed, were repeatedly forced to rely on churches, etc. for food and lodging; (2) the parents' residence in numerous states between Connecticut and Florida, each time leaving the state one step ahead of social service agencies attempting to investigate alleged neglect of S.C.; (3) the mother's retardation, rendering her unable to provide a nurturing atmosphere and mental stimulation; (4) the previous removal of two other children by the State of Connecticut on grounds of abuse and neglect; (5) the failure to provide S.C. with needed medical care; and (6) a witness' observation of the parents' physical and emotional abuse of the child.
On 11 April 1984, adjudicatory proceedings were held pursuant to Section 39.408(1), Florida Statutes (1983). A woman with whom the parents and S.C. had temporarily lived, Alice Newton, testified that she had seen the mother strike S.C. about the head and face for crying, and had heard her call the child filthy names. She also testified, over objection, that the father had told her the circumstances of the commitment away from the parents of their other children. A six-year-old girl was removed from the home after she was diagnosed as suffering from a venereal disease. She has since been adopted. A five-year-old boy was removed for alleged neglect. His fate is unknown to the parents.
On cross-examination, it was revealed that Newton was mentally retarded, had received psychiatric help and was on medication for a nervous condition. No objection to her testimony on these grounds nor challenge to her competence was made at this time. Counsel did not urge the incompetence of the witness until moving for directed verdict at the close of the State's evidence.
The father was examined by the State as an adverse witness. He testified as well to the circumstances of his other children's commitment, also over objection. He admitted that he and the mother had failed to procure neurological and hearing evaluations for S.C. recommended by the Connecticut *1328 authorities based on his delayed development.
Following the hearing, the judge adjudicated S.C. dependent and set the disposition hearing, pursuant to Section 39.408(2), Florida Statutes (1983), for 22 May 1984. At that proceeding, both the Department of Health and Rehabilitative Services (HRS) and S.C.'s guardian ad litem recommended foster care for S.C. while the parents underwent counseling and psychological evaluation. HRS' recommendation was based on the parents' past failure to maintain residence during neglect investigations, the great developmental progress S.C. had made away from the parents and the poor living conditions in the parents' trailer. The guardian echoed concerns regarding the trailer and the child's development and added that she had observed signs of excessive drinking at the parents' home. At the conclusion of the hearing, S.C. was placed in foster care.
The parents argue on appeal that the evidence presented below was not sufficient under the "preponderance of the evidence" standard established by Section 39.408(1)(b), Florida Statutes (1983), as necessary to support a finding of dependency. As grounds therefor, the parents contend first that none of the testimony regarding the commitments of their other children should have been admitted. The testimony of the father and landlady, Newton, is inadmissible hearsay, they contend, or is irrelevant to a situation involving a different child or, if relevant, is unduly prejudicial. We disagree on all points.
Hearsay is an out-of-court statement other than one made by the declarant while testifying at trial offered to prove the truth of the matter asserted. Section 90.801, Florida Statutes (1983). A review of the transcript convinces us that the father's testimony was not a repetition of statements made to him by Connecticut authorities but was of his personal knowledge of the reasons for the children's commitment. It was therefore not hearsay and it was not error to admit it.
Newton's testimony, however, was hearsay, because the state was offering the father's statements to her regarding the commitments to prove their truth. Such testimony is nevertheless admissible if it falls under one of the exceptions to the rule against hearsay set forth in the evidence code. Section 90.803(18)(a), Florida Statutes (1983), provides that a statement that is offered against a party and is his own statement is not admissible as evidence. Because the father's statement to Newton was his own and was offered against him, a party, the testimony qualifies for admission under this exception.
A study of the applicable case law persuades us that the circumstances of the commitments of the parents' other children were not irrelevant to the dependency proceedings conducted with regard to S.C. "[A] parent's abuse of some of her children may constitute grounds for the permanent commitment of her other children who also live with the parent." In the Interest of W.D.N., 443 So.2d 493, 495 (Fla. 2d DCA 1984). The parents argue that W.D.N. should not apply because it involved permanent commitment proceedings, not proceedings for dependency, as here. We do not agree.
The overriding principle in cases of child abuse and neglect is the ultimate welfare and best interest of the child, In the Interest of J.L.P., 416 So.2d 1250, 1252 (Fla. 4th DCA 1982), and parental rights are subject to that principle. Therefore the parents' past conduct toward their other children is certainly relevant. Keeping the interest of the child in mind, neither can we say the relevance herein was outweighed by prejudice so as to disqualify the evidence under Section 90.403, Florida Statutes (1983).
Parents' final argument against the commitment evidence is that the court violated the statutory prohibition against using evidence of similar wrongdoing to show propensity. See Section 90.404(2)(a), Florida Statutes (1983). This ground for objection was not raised at trial and we therefore decline to address it here. See Steinhorst v. State, 412 So.2d 332, 338 (Fla. 1st DCA 1982).
*1329 The parents conclude their attack on the sufficiency of the evidence by challenging the competence to testify of their landlady, Newton. They base this contention on the revelation at the hearing of her mental retardation and psychiatric problems. First, no objection was made to her testimony at the time she gave it; its unreliability was asserted first in counsel's motion for directed verdict at the close of the State's case. Nothing indicates any attempt to disqualify her testimony by demonstrating her to be "incapable of expressing [her]self concerning the matter in such a way as to be understood" or of "understanding the duty of a witness to tell the truth." See Section 90.603, Florida Statutes (1983).
Further, "[w]hen a trial judge sits as a trier of the facts ... and has an opportunity to observe the witnesses, their demeanor, candor or the lack of it, he must determine whether the testimony of such witnesses is worthy of belief. His determination will not be disturbed on appeal." Emery Air Freight v. Cornil, 414 So.2d 1167 (Fla. 5th DCA 1982). The trial judge found Newton's testimony worthy of belief and we decline to disturb that finding.
AFFIRMED.
SMITH and THOMPSON, JJ., concur.