550 So.2d 13 (1989)
FLORIDA POWER AND LIGHT CO., Appellant, Cross-Appellee,
v.
UTILITIES SERVICES OF AMERICA, INC., Appellee, Cross-Appellant.
No. 88-984.
District Court of Appeal of Florida, Third District.
July 11, 1989.
Rehearing Denied November 8, 1989.
*14 Steel Hector & Davis and Alvin B. Davis and Paul J. Bonavia and Nancy Swerdlow Kipnis and Cheryl A. Bell, Miami, for appellant, cross-appellee.
R. Stuart Huff, Coral Gables, for appellee, cross-appellant.
Before SCHWARTZ, C.J., and NESBITT and LEVY, JJ.
PER CURIAM.
In this trade secrets case, defendant Florida Power and Light Co. (FPL) appeals a $5.1 million Final Judgment entered upon a jury verdict in favor of plaintiff Utilities Services of America, Inc. (USA). That jury verdict awarded USA $1.6 million in compensatory damages as a result of the jury finding that FPL committed a civil theft of USA's trade secrets, made an unauthorized disclosure of USA's trade secrets to a third party, and breached a written contract with USA entitled "Confidentiality Arrangements". Pursuant to the provision of Chapter 812 of the Florida Statutes, the $1.6 million damage award was trebled to a total of $4.8 million. The jury also found that USA was entitled to recover an additional $300,000.00 in compensatory damages in connection with the jury's finding that FPL breached an oral agreement to award the Andytown-Midway Bird Discourager project to USA. In addition, USA cross-appeals that portion of the Final Judgment in which the trial court eliminated the jury's $1 million punitive damages award that also was rendered in connection with the jury's finding that FPL had made an unauthorized disclosure of USA's trade secrets to a third party. We affirm in part and reverse in part.
We find that there is substantial competent evidence to support both the jury's finding that FPL committed a civil theft of USA's trade secret and the jury's award of $1.6 million, which was statutorily trebled to $4.8 million, that the jury returned in connection with that finding. We also conclude that the trial court was eminently correct, for the reasons stated in its order, in striking the jury's award of punitive damages.
We are not persuaded, however, by USA's argument that there also existed a separate oral contract between USA and FPL to award the Andytown contract, and, furthermore, that this contract was breached by the granting of the Andytown contract to USA's competitor, Haverfield Helicopters (Haverfield). We find that there was not substantial competent evidence to support the jury's finding of such a contract, particularly in view of the fact that FPL's award of the Andytown contract to Haverfield, together with the resulting damages claimed by USA in connection therewith, is all part of the proof of FPL's appropriation of USA's trade secret, and is thus inextricably part of the events which gave rise to the tort action, the $1.6 million verdict thereupon, and the trebling of that verdict. See John Brown Automation, Inc. v. Nobles, 537 So.2d 614 (Fla. 2d DCA 1988). It is the non-existence of the contractual relationship, in fact, which allows the civil theft award to stand. See Kalman v. Morris-North American, Inc., 531 So.2d 394 (Fla. 3d DCA 1988) (no statutory *15 civil theft where contractual relationship exists between parties), rev. denied, 539 So.2d 475 (Fla. 1989); Futch v. Head, 511 So.2d 314 (Fla. 1st DCA) (existence of contract negated trebling of damages under Anti-Fencing Act), rev. denied, 518 So.2d 1275 (Fla. 1987); Rosen v. Marlin, 486 So.2d 623 (Fla. 3d DCA) (trebling of damages warranted only where no contractual relationship exists between the parties), rev. denied, 494 So.2d 1151 (Fla. 1986). Accordingly, we reverse the $300,000.00 compensatory damage award rendered in favor of USA in connection with its "lost profits" claim.
Affirmed in part, reversed in part.